UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X Case No.
SCANTEK MEDICAL INC.,                :
                                     :
            Plaintiff,               : NOTICE OF REMOVAL
                                     :
      vs.                            :
                                     :
ANGELA CHEN SABELLA and ACCORDANT    :
HOLDINGS, LLC,                       :
                                     :
            Defendants.              :
---------------------------------- X

   Defendants Accordant Holdings LLC ("Accordant") and Angela Sabella ("Sabella"), by and through their attorneys, McCue Sussmane & Zapfel, P.C., submit this Notice of Removal of this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§1441 and 1446. In support of this removal defendants state upon knowledge as to their own conduct and upon information and belief as to all other matters follows:

   1. On December 21, 2007, an action was commenced in the Supreme Court of the State of New York, County of New York, titled Scantek Medical Inc. v. Angela Chen Sabella and Accordant Holdings LLC, Index Number 07/604212. True copies of the Summons, Complaint and all other process, pleadings and orders received by defendants are attached hereto as Exhibit A, as provided in 28 U.S.C. §1441(a).

1

2.    On  or  about  December  24,  2007,  defendants
received  a  copy  of  the  summons  and  complaint  by  certified  mail.
Defendants have received no other process, pleadings or orders.

3.    Defendants file this Notice of Removal within one
year of the date of commencement of the action and within thirty
days  of  receipt  of  the  summons  and  complaint  by  defendants.
Removal is timely.

4.    Promptly  after  filing  this  notice  of  removal,
defendants  shall  provide  a  copy  of  this  notice  of  removal  to
plaintiff by and through its designated counsel and to the Clerk
of  the  Supreme  Court  the  State  of  New  York,  New  York  County  as
provided by 28 U.S.C. §1446(d).

JURISDICTION

5.    The  Court  has  subject  matter  jurisdiction  under
28 U.S.C. §1441 and 28 U.S.C. §1332.

6.    Plaintiff  alleges  that  it  is  entitled  to
declaratory  judgment  declaring  void  a  promissory  note  dated
February 10, 2003 issued by plaintiff to defendant Accordant in
the  principal  amount  of  $50,000,  and  a  promissory  note  dated
August 20, 2002 issued by plaintiff to defendant Sabella in the
amount  of  $253,250.80.    Plaintiff  admits  that  no  principal  or
interest was paid by plaintiff to defendants.   As of the date of
the  summons  and  complaint  the  outstanding  balance  of  principal
and interest due on each promissory note exceeded $75,000.

2

7.    Plaintiff is a Delaware corporation with its principal place of business in the State of New Jersey.

8.    Sabella is a citizen of the State of California.

9.    Accordant is a Delaware limited liability company of which Sabella is the sole member.

10.    There is diversity of citizenship.

VENUE

11.    Removal to the United States District Court for the Southern District of New York is proper under 28 U.S.C. §1441(a), because the complaint was filed in the Supreme Court of the State of New York, County of New York, which lies in this district.

WHEREFORE, defendants give notice that the above described action against defendants in the Supreme Court of the State of New York, County of New York, is removed to this Court.


Dated: New York, New York
       January 17, 2008

                              McCue Sussmane & Zapfel, P.C.


                              By:_/Ken Sussmane_____
                              Kenneth Sussmane (KS 9301)
                              Attorneys for Defendants
                              521 Fifth Avenue, 28th Floor
                              New York, New York  10175
                              212-931-5500
                              ksussmane@mszpc.com


3

**EXHIBIT A**

# MINTZ & FRAADE, P. C.

## COUNSELORS AT LAW
### 488 MADISON AVENUE
### NEW YORK, NEW YORK 10022

TELEPHONE
(212) 486-2500

TELECOPIER
(212) 486-0701

OF COUNSEL
JAY D. FISCHER
EDWARD C. KRAMER
KEVIN J. McGRAW
ARTHUR L. PORTER, JR.
JON M. PROBSTEIN
SEYMOUR REITHNECHT
I. FREDERICH SHOTKIN

December 21, 2007

<u>Certified Mail – Return Receipt Requested</u>

Ms. Angela Chen Sabella
853 East Valley Boulevard, Suite 200
San Gabriel, CA 91776

Accordant Holdings, LLC
853 East Valley Boulevard, Suite 200
San Gabriel, CA 91776
Attn: Ms. Angela Chen Sabella

> Re: <u>Scantek Medical, Inc. v. Angela Chen Sabella and Accordant Holdings, LLC, Index No.: 07/604212 (the "Lawsuit")</u>

Dear Ms. Sabella and Accordant Holdings, LLC:

Enclosed herewith are two copies of the Summons and Complaint with respect to providing service of the Lawsuit upon each of you pursuant to the applicable documents.

If you have any questions, please contact the undersigned.

Very truly yours,

Mintz & Fraade, P.C.

By: _____
Alan P. Fraade

cc: Kenneth Sussmane, Esq. (via facsimile)

APF/crs

N:\Clients\Scantek Medical Inc\Sabella\Litigation\Cover Letter with Summons & Complaint.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X

SCANTEK MEDICAL, INC.,

                            Plaintiff,

       -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                            Defendant.

----------------------------------------------------------------X

Index No.: 07/604212


**SUMMONS**

The basis of the venue is:
Plaintiff designates New
York County as the venue
pursuant to CPLR 503.

Plaintiff's business address:
1705 Route 46 West, Unit 5
Ledgewood, NJ 07852

To the above named Defendants:

    **You are hereby summoned** to appear in the Supreme Court of the State of New York, County of New York at the said Courthouse at 60 Centre Street in the County of New York, City and State of New York, within the time provided by law as noted below and to serve your answer to the complaint upon the attorney for Plaintiff: upon your failure to answer, judgment will be taken against you by default for the relief requested herein.

Dated: New York, New York
       December 21, 2007

Mintz & Fraade, P.C.

By_____
    Alan P. Fraade
Attorneys for Plaintiff
488 Madison Avenue
New York, New York 10022
(212) 486-2500

TO:   Ms. Angela Chen Sabella
       853 East Valley Boulevard, Suite 200
       San Gabriel, CA 91776

       Accordant Holdings, LLC
       853 East Valley Boulevard, Suite 200
       San Gabriel, CA 91776
       Attn: Ms. Angela Chen Sabella

NEW YORK
COUNTY CLERKS OFFICE

DEC 21 2007

NOT COMPARED
WITH COPY FILE

NOTE: The law provides that: (a) If this summons is served by its delivery to you personally within the State of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the State of New York, or by publication, or by any means other than personal delivery to you within the State of New York, you are allowed THIRTY days after service of this summons is complete as provided by law within which to appear and answer.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X     , Index No.:  07/604212
SCANTEK MEDICAL, INC.,

                                    Plaintiff,                      **COMPLAINT**

            -against-

NEW YORK
COUNTY CLERK'S OFFICE

DEC 21 2007

NOT COMPARED
WITH COPY FILE

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                                    Defendant.

-----------------------------------------------------------------X

Plaintiff, Scantek Medical, Inc, ("Plaintiff") complaining of Defendants, Angela Chen

Sabella ("Defendant Sabella") and Accordant Holdings, LLC ("Defendant Accordant") (jointly,

the "Defendants"), alleges, upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.      Plaintiff is a Delaware corporation, with an address at 1705 Route 46 West, Unit

5, Ledgewood, New Jersey 07852.

2.      Upon information and belief, Defendant Sabella has an office address at 853 East

Valley Boulevard, Suite 200, San Gabriel, California 91776, and is a member of Accordant.

3.      Upon information and belief, Defendant Accordant is a Delaware limited liability

company, with an address at 853 East Valley Boulevard, Suite 200, San Gabriel, California

91776.

4.      The promissory notes and subscription agreements evidencing the loans described

herein each contain the following identical provision: "The parties hereby consent to and

irrevocably submit to personal jurisdiction over each of them by the Courts of the State of New

York in any action or proceeding".

1

5.      On or about April 25, 2002, Defendant Sabella loaned $100,000 to Plaintiff, pursuant, in part, to a promissory note dated April 25, 2002 (the "April 2002 Note"), which was executed by Dr. Zsigmond L. Sagi, Plaintiff's Chief Executive Officer, on behalf of Plaintiff, in favor of Defendant Sabella.

6.      The April 2002 Note had a maturity date of 120 days after the date of the Note (that is, August 23, 2002), and bore interest at the rate of 10% per annum.

7.      As additional consideration for the $100,000 loan, Defendant Sabella demanded additional consideration of 400,000 shares of Plaintiff's Common Stock (the "April 2002 Shares").

8.      Plaintiff and Defendant Sabella entered into a subscription agreement dated April 24, 2002 (the "April 2002 Subscription Agreement") for the April 2002 Shares.

9.      The April 2002 Subscription Agreement specifically states that as consideration for the $100,000 loan, Defendant Sabella received the April 2002 Note, and was entitled to the 400,000 April 2002 Shares.

10.     On April 25, 2002, the date of the April 2002 Note, and on April 24, 2002, the date of the April 2002 Subscription Agreement, the closing market price of Plaintiff's Common Stock was $.05 per share.

11.     Accordingly, the value of the April 2002 Shares based upon the closing market price was $20,000.

12.     Pursuant to New York Penal Law § 190.40, a person is guilty of criminal usury when she "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

N:\Clients\Scantek Medical Inc\Sabella\Litigation\Summons & Complaint v.final.doc

13.     In view of the fact that that April 2002 Note (which bore interest at 10% per annum), in conjunction with the April 2002 Subscription Agreement (which required stock valued at $20,000, or the equivalent interest rate of approximately 61% per annum), charged a total rate of interest of approximately 71% per annum, which is almost three times the legal percentage, the April 2002 Note is criminally usurious on its face.

14.     On or about August 20, 2002, Defendant Sabella loaned an additional $150,000 to Plaintiff.

15.     On or about August 20, 2002, Plaintiff executed a promissory note in favor of Defendant Sabella which replaced and superseded the April 2002 Note, and incorporated both the principal balance of the April 2002 Note in the amount of $100,000, plus the accrued interest thereon in the amount of $3,250.80, plus the newly loaned principal in the sum of $150,000 (the "August 2002 Note"). Thus, the principal of the August 2002 Note was $253,250.80.

16.     The August 2002 Note called for four separate payment dates: November 20, 2002, December 20, 2002, January 20, 2003 and February 20, 2003. The August 2002 Note bore interest at the rate of 10% per annum.

17.     As additional consideration, Defendant Sabella demanded 2,000,000 shares of Plaintiff's Common Stock (the "August 2002 Shares"), not including the 400,000 shares of Plaintiff's Common Stock which Defendant Sabella was entitled to pursuant to the April 2002 Subscription Agreement.

18.     On August 20, 2002 Plaintiff and Defendant Sabella entered into a Subscription Agreement (the "August 2002 Subscription Agreement"), pursuant to which Plaintiff agreed to issue to Defendant Sabella the August 2002 Shares. The August 2002 Subscription Agreement specifically states that as consideration for the loans to Plaintiff totaling $250,000, Defendant

3

Sabella received the August 2002 Note, and was entitled to the 2,000,000 August 2002 Shares.

19. On the date of the August 2002 Note, the closing market price of Plaintiff's Common Stock was $.05 per share.

20. Accordingly, the value of the August 2002 Shares based upon the closing market price was $100,000 (which does not include the value of the April 2002 Shares which Plaintiff agreed to issue Defendant Sabella).

21. Pursuant to New York Penal Law § 190.40, a person is guilty of criminal usury when she "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

22. Because the August 2002 Note (which bore interest at 10% per annum), in conjunction with the August 2002 Subscription Agreement (which required stock valued at $100,000, or the equivalent interest rate of approximately 79% per annum), charged a total rate of interest of approximately 89% per annum, which is over three times the legal percentage, the August 2002 Note is criminally usurious on its face.

23. Accordingly, Plaintiff seeks a declaratory judgment declaring the August 2002 Note and August 2002 Subscription Agreement void as criminally usurious pursuant to N.Y. PENAL LAW § 190.40.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if more fully set forth herein.

25. On or about February 10, 2003, Defendant Accordant loaned $50,000 to Plaintiff, pursuant, in part, to a promissory note dated February 10, 2003 (the "February 2003 Note")

4

executed by Dr. Sagi, Plaintiff's Chief Executive Officer, on behalf of Plaintiff, in favor of Defendant Accordant. Upon information and belief, Defendant Sabella is the principal of Defendant Accordant.

26. The February 2003 Note had a maturity date of June 6, 2003, and bore interest at the rate of 12% per annum.

27. In consideration for the $50,000 loan evidenced by the February 2003 Note, Defendant Sabella required that Plaintiff issue to Defendant Accordant 300,000 shares of Plaintiff's Common Stock the "February 2003 Shares").

28. Defendant Accordant and Plaintiff entered into a subscription agreement dated February 10, 2003 (the "February 2003 Subscription Agreement"), pursuant to which Plaintiff agreed to issue Defendant Accordant the February 2003 Shares. The February 2003 Subscription Agreement specifically states that as consideration for the $50,000 loan, Defendant Accordant received the February 2003 Note, and was entitled to the 300,000 February 2003 Shares.

29. On the date of the February 2003 Note, the closing market price of Plaintiff's Common Stock was $.06 per share.

30. Accordingly, the value of the February 2003 Shares based upon the closing market price was $18,000.

31. Pursuant to New York Penal Law § 190.40, a person is guilty of criminal usury when she "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

32. In view of the fact that the February 2003 Note (which bore interest at 12% per annum), in conjunction with the February 2003 Subscription Agreement (which required stock

5

valued at $18,000, or the equivalent interest rate of 113% per annum), charges a total rate of interest of approximately 125% per annum, which is five times the legal percentage, the February 2003 Note is criminally usurious on its face.

33.    Accordingly, Plaintiff seeks a declaratory judgment declaring the February 2003 Note and February 2003 Subscription Agreement void as criminally usurious pursuant to N.Y. PENAL LAW § 190.40.

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if more fully set forth herein.

35.    In the alternative of the Second Cause of Action, the February 2003 Note, in conjunction with the February 2003 Subscription Agreement, charged a criminally usurious rate of interest after default.

36.    Plaintiff defaulted on the February 2003 Note. To date, Plaintiff has not paid any principal or interest on the February 2003 Note.

37.    The February 2003 Subscription Agreement provides that for each of the first five business days after the maturity date, if the February 2003 Note remained unpaid, Plaintiff owed Defendant Accordant 10,000 shares of Plaintiff's Common Stock.

38.    Plaintiff was required to issue to Defendant Accordant 50,000 shares of its Common Stock for the five business days after the February 2003 Note's maturity date. The value of the 50,000 shares based upon the closing market price which Plaintiff owed Defendant Accordant after being in default for five days was $3,000.

39.    For each subsequent day, Plaintiff owed Defendant Accordant an additional 25,000 shares of Plaintiff's Common Stock.

40. Accordingly, at the rate of 25,000 shares per day, on an annual basis Plaintiff Accordant would receive 9,125,000 shares in Plaintiff's Common stock. Assuming a value of $.06 per share (pursuant to the closing market value of each share of Plaintiff's Common Stock on the date of the February 2003 Note), this would equal a value of $547,500 per year, which is equivalent to an interest rate of 2,007% per annum when added to the 12% interest due pursuant to the February 2003 Note,

41. Accordingly, Plaintiff seeks a declaratory judgment declaring the February 2003 Note and February 2003 Subscription Agreement void as criminally usurious pursuant to N.Y. PENAL LAW § 190.40.

WHEREFORE, Plaintiff demands judgment as follows:

(a) On its first cause of action against Defendant Sabella, a declaratory judgment declaring that the August 2002 Note and the August 2002 Subscription Agreement are void for being criminally usurious pursuant to N.Y. PENAL LAW § 190.40;

(b) On its second cause of action against Defendant Accordant, a declaratory judgment declaring that the February 2003 Note and the February 2003 Subscription Agreement are void for being criminally usurious pursuant to N.Y. PENAL LAW § 190.40;

(c) On its third cause of action against Defendant Accordant, a declaratory judgment declaring that the February 2003 Note and the February 2003 Subscription Agreement are void for being criminally usurious pursuant to N.Y. PENAL LAW § 190.40; and

(d) Such other and further relief as to this Court deems just and proper, together with cost and disbursements as provided by law.

Dated: New York, New York
December 21, 2007

Mintz & Fraade, P.C.

By: _____
Alan P. Fraade
Attorneys for Plaintiff
488 Madison Avenue
New York, New York 10022
(212) 486-2500

7