UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SCANTEK MEDICAL, INC.,

                Plaintiff,

-against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                Defendant.

---------------------------------------------------------------X

Index No.: 08 CV 00453 (CM)

**AMENDED COMPLAINT**

Plaintiff, Scantek Medical, Inc, ("Plaintiff") complaining of Defendants, Angela Chen Sabella ("Defendant Sabella") and Accordant Holdings, LLC ("Defendant Accordant") (jointly the "Defendants"), alleges, upon information and belief as follows:

### AS AND FOR A FIRST CLAIM FOR RELIEF

1. Plaintiff is a Delaware corporation, with an address at 1705 Route 46 West, Unit 5, Ledgewood, New Jersey 07852.

2. Upon information and belief, Defendant Sabella has an office address at 853 East Valley Boulevard, Suite 200, San Gabriel, California 91776, and is a member of Accordant.

3. Upon information and belief, Defendant Accordant is a Delaware limited liability company, with an address at 853 East Valley Boulevard, Suite 200, San Gabriel, California 91776.

4. The promissory notes and subscription agreements evidencing the loans described herein each contain the following identical provision: "The parties hereby consent to and irrevocably submit to personal jurisdiction over each of them by the Courts of the State of New York in any action or proceeding".

5. On or about April 25, 2002, Defendant Sabella loaned $100,000 to Plaintiff, pursuant, in part, to a promissory note dated April 25, 2002 (the "April 2002 Note"), which was executed by Dr. Zsigmond L. Sagi, Plaintiff's Chief Executive Officer, on behalf of Plaintiff, in favor of Defendant Sabella.

6. The April 2002 Note had a maturity date of 120 days after the date of the Note (that is, August 23, 2002), and bore interest at the rate of 10% per annum.

7. As additional consideration for the $100,000 loan, Defendant Sabella demanded additional consideration of 400,000 shares of Plaintiff's Common Stock (the "April 2002 Shares").

8. Plaintiff and Defendant Sabella entered into a subscription agreement dated April 24, 2002 (the "April 2002 Subscription Agreement") for the April 2002 Shares.

9. The April 2002 Subscription Agreement specifically states that as consideration for the $100,000 loan, Defendant Sabella received the April 2002 Note, and was entitled to the 400,000 April 2002 Shares.

10. On April 25, 2002, the date of the April 2002 Note, and on April 24, 2002, the date of the April 2002 Subscription Agreement, the closing market price of Plaintiff's Common Stock was $.05 per share.

11. Accordingly, the value of the April 2002 Shares based upon the closing market price was $20,000.

12. Pursuant to New York Penal Law § 190.40, a person is guilty of criminal usury when she "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

13. In view of the fact that that April 2002 Note (which bore interest at 10% per annum), in conjunction with the April 2002 Subscription Agreement (which required stock valued at $20,000, or the equivalent interest rate of approximately 61% per annum), charged a total rate of interest of approximately 71% per annum, which is almost three times the legal percentage, the April 2002 Note is criminally usurious on its face.

14. On or about August 20, 2002, Defendant Sabella loaned an additional $150,000 to Plaintiff.

15. On or about August 20, 2002, Plaintiff executed a promissory note in favor of Defendant Sabella which replaced and superseded the April 2002 Note, and incorporated both the principal balance of the April 2002 Note in the amount of $100,000, plus the accrued interest thereon in the amount of $3,250.80, plus the newly loaned principal in the sum of $150,000 (the "August 2002 Note"). Thus, the principal of the August 2002 Note was $253,250.80.

16. The August 2002 Note called for four separate payment dates: November 20, 2002, December 20, 2002, January 20, 2003 and February 20, 2003. The August 2002 Note bore interest at the rate of 10% per annum.

17. As additional consideration, Defendant Sabella demanded 2,000,000 shares of Plaintiff's Common Stock (the "August 2002 Shares"), not including the 400,000 shares of Plaintiff's Common Stock which Defendant Sabella was entitled to pursuant to the April 2002 Subscription Agreement.

18. On August 20, 2002 Plaintiff and Defendant Sabella entered into a Subscription Agreement (the "August 2002 Subscription Agreement"), pursuant to which Plaintiff agreed to issue to Defendant Sabella the August 2002 Shares. The August 2002 Subscription Agreement specifically states that as consideration for the loans to Plaintiff totaling $250,000, Defendant

Sabella received the August 2002 Note, and was entitled to the 2,000,000 August 2002 Shares.

19. On the date of the August 2002 Note, the closing market price of Plaintiff's Common Stock was $.05 per share.

20. Accordingly, the value of the August 2002 Shares based upon the closing market price was $100,000 (which does not include the value of the April 2002 Shares which Plaintiff agreed to issue Defendant Sabella).

21. Pursuant to New York Penal Law § 190.40, a person is guilty of criminal usury when she "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

22. Because the August 2002 Note (which bore interest at 10% per annum), in conjunction with the August 2002 Subscription Agreement (which required stock valued at $100,000, or the equivalent interest rate of approximately 79% per annum), charged a total rate of interest of approximately 89% per annum, which is over three times the legal percentage, the August 2002 Note is criminally usurious on its face.

23. Some of the August 2002 Shares have already been issued to Defendant Sabella pursuant to the criminally usurious August 2002 Subscription Agreement.

24. Accordingly, Plaintiff seeks a declaratory judgment declaring that the August 2002 Note, August 2002 Subscription Agreement and any August 2002 Shares issued to Defendant Sabella are void as criminally usurious pursuant to N.Y. PENAL LAW § 190.40.

AS AND FOR A SECOND CLAIM FOR RELIEF

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if more fully set forth herein.

26. On or about February 10, 2003, Defendant Accordant loaned $50,000 to Plaintiff, pursuant, in part, to a promissory note dated February 10, 2003 (the "February 2003 Note") executed by Dr. Sagi, Plaintiff's Chief Executive Officer, on behalf of Plaintiff, in favor of Defendant Accordant. Upon information and belief, Defendant Sabella is the principal of Defendant Accordant.

27. The February 2003 Note had a maturity date of June 6, 2003, and bore interest at the rate of 12% per annum.

28. In consideration for the $50,000 loan evidenced by the February 2003 Note, Defendant Sabella required that Plaintiff issue to Defendant Accordant 300,000 shares of Plaintiff's Common Stock the "February 2003 Shares").

29. Defendant Accordant and Plaintiff entered into a subscription agreement dated February 10, 2003 (the "February 2003 Subscription Agreement"), pursuant to which Plaintiff agreed to issue Defendant Accordant the February 2003 Shares. The February 2003 Subscription Agreement specifically states that as consideration for the $50,000 loan, Defendant Accordant received the February 2003 Note, and was entitled to the 300,000 February 2003 Shares.

30. On the date of the February 2003 Note, the closing market price of Plaintiff's Common Stock was $.06 per share.

31. Accordingly, the value of the February 2003 Shares based upon the closing market price was $18,000.

32. Pursuant to New York Penal Law § 190.40, a person is guilty of criminal usury when she "knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

33.     In view of the fact that the February 2003 Note (which bore interest at 12% per annum), in conjunction with the February 2003 Subscription Agreement (which required stock valued at $18,000, or the equivalent interest rate of 113% per annum), charges a total rate of interest of approximately 125% per annum, which is five times the legal percentage, the February 2003 Note is criminally usurious on its face.

34.     Some of the February 2003 Shares have already been issued to Defendant Accordant pursuant to the criminally usurious February 2003 Subscription Agreement.

35.     Accordingly, Plaintiff seeks a declaratory judgment declaring that the February 2003 Note, February 2003 Subscription Agreement and any February 2003 Shares issued to Defendant Accordant are void as criminally usurious pursuant to N.Y. PENAL LAW § 190.40.

### AS AND FOR A THIRD CLAIM FOR RELIEF

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if more fully set forth herein.

37.     In the alternative of the Second Claim for Relief, the February 2003 Note, in conjunction with the February 2003 Subscription Agreement, charged a criminally usurious rate of interest after default.

38.     Plaintiff defaulted on the February 2003 Note. To date, Plaintiff has not paid any principal or interest on the February 2003 Note.

39.     The February 2003 Subscription Agreement provides that for each of the first five business days after the maturity date, if the February 2003 Note remained unpaid, Plaintiff owed Defendant Accordant 10,000 shares of Plaintiff's Common Stock.

40.     Plaintiff was required to issue to Defendant Accordant 50,000 shares of its Common Stock for the five business days after the February 2003 Note's maturity date. The

value of the 50,000 shares based upon the closing market price which Plaintiff owed Defendant Accordant after being in default for five days was $3,000.

41. For each subsequent day, Plaintiff owed Defendant Accordant an additional 25,000 shares of Plaintiff's Common Stock.

42. Accordingly, at the rate of 25,000 shares per day, on an annual basis Defendant Accordant would receive 9,125,000 shares in Plaintiff's Common stock. Assuming a value of $.06 per share (pursuant to the closing market value of each share of Plaintiff's Common Stock on the date of the February 2003 Note), this would equal a value of $547,500 per year, which is equivalent to an interest rate of 2,007% per annum when added to the 12% interest due pursuant to the February 2003 Note.

43. Accordingly, Plaintiff seeks a declaratory judgment declaring the February 2003 Note, February 2003 Subscription Agreement and any February 2003 Shares issued to Defendant Accordant are void as criminally usurious pursuant to N.Y. PENAL LAW § 190.40.

WHEREFORE, Plaintiff demands judgment as follows:

(a) On its first claim for relief against Defendant Sabella, a declaratory judgment declaring that the August 2002 Note, the August 2002 Subscription Agreement and any August 2002 Shares issued to Defendant Sabella are void for being criminally usurious pursuant to N.Y. PENAL LAW § 190.40;

(b) On its second claim for relief against Defendant Accordant, a declaratory judgment declaring that the February 2003 Note, the February 2003 Subscription Agreement and any February 2003 Shares issued to Defendant Accordant are void for being criminally usurious pursuant to N.Y. PENAL LAW § 190.40;

(c) On its third claim for relief against Defendant Accordant, a declaratory judgment declaring that the February 2003 Note the February 2003 Subscription Agreement and any February 2003 Shares issued to Defendant Accordant are void for being criminally usurious pursuant to N.Y. PENAL LAW § 190.40; and

(d)     Such other and further relief as to this Court deems just and proper, together with cost and disbursements as provided by law.

Dated: New York, New York
January 29, 2008

Alan P. Fraade (AF 9602)
Mintz & Fraade, P.C.
Attorney for Plaintiff
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 486-2500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Index No.: 08 CV 00453 (CM)
SCANTEK MEDICAL, INC.,

                           Plaintiff,   **AFFIDAVIT OF SERVICE**

    -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                           Defendant.
------------------------------------------------------------X

STATE OF NEW YORK  )
                          ) ss
COUNTY OF NEW YORK  )

Collin R. Sherman, being duly sworn, deposes and says:

    On January 29, 2008, I served the within Amended Complaint by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, to be delivered by Certified Mail – Return Receipt Requested, addressed to the following party at the last known address set forth:

    Kenneth Sussmane, Esq.
    521 Fifth Avenue, 28th Floor
    New York, NY  10175

                                                _____
                                                Collin R. Sherman

Sworn to before me this
30th Day of January 2008

_____
Notary Public

                                   GREGORY T. KRAUSS
                             Notary Public, State of New York
                                No. 02KR6163224
                           Qualified in Westchester County
                        Commission Expires March 19, 2011