UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SCANTEK MEDICAL, INC.,                    Index No.: 08 CV 00453 (CM)

                                                  Plaintiff,                       **MEMORANDUM OF LAW**

        -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                                                  Defendant.

------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO DECLARE REMOVAL OF THIS
MATTER FROM THE COURTS OF THE STATE OF NEW YORK
<u>NULL AND VOID.</u>**

     This Memorandum of Law is submitted in support of the motion of Plaintiff, Scantek Medical, Inc., to remand this matter to the Supreme Court of the State of New York, pursuant to 28 U.S.C. 1447(c), on the grounds that Defendants' waived their right to remove this matter to this Court based upon a valid forum selection clause.

     In order to avoid repetition, the Court is respectfully referred to the Affidavit of Alan P. Fraade (the "Fraade Affidavit"), dated February 25, 2008, in support of Plaintiff's motion to remand, submitted simultaneously herewith, for the facts of this matter.  All exhibits cited herein refer to the exhibits annexed to the Fraade Affidavit, unless otherwise indicated.

1

>   I.   **DEFENDANTS' REMOVAL OF THIS MATTER TO FEDERAL COURT WAS IMPROPER BASED UPON AN ENFORCEABLE FORUM SELECTION CLAUSE DESIGNATING THE SUPREME COURT OF THE STATE OF NEW YORK AS HAVING PERSONAL JURISDICTION.**

Federal courts narrowly construe removal jurisdiction in favor of the non-removing party to prevent intrusion on the sovereignty of state courts to decide cases properly before them. Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 107-09, (1941). Such narrow construction is warranted because removal "abridges the deference courts generally give to a plaintiff's choice of forum." Frontier Ins. Co. v. MTN Owner Trust, 111 F.Supp.2d 376, 378 (S.D.N.Y.2000). In addition, the remand of matters back to a state court is warranted to avoid the unnecessary extension of federal jurisdiction at the expense of state sovereignty. Shamrock, 313 U.S. at 108-09.

Courts have long held that valid forum selection clauses extinguish a party's right to select a forum other than the forum so designated. In The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9, 92, S. Ct. 1907, 1912 (1972), the Supreme Court held that forum selection clauses were "prima facie valid and should be enforced unless unreasonable under the circumstances." *Id*. More importantly, courts have held that if a party signs a forum selection clause containing explicit language, the party has waived its right to remove the action to another court. *See* Rabbi Jacob Joseph School v. The Province of Mendoza, 342 F. Supp.2d 124, 128 (E.D.N.Y. 2004), *see also* Elliot Associates, LP v. Republic of Panama, 1996 WL 474173, at *1 (S.D.N.Y. 1996). A waiver of the right to remove a case has "usually been found where the forum selection clause identifies a particular court in which disputes will be heard." Unity Creations, Inc. v. Trafcon Industries, Inc., 137 F. Supp.2d 108, 110 (E.D.N.Y. 2001). A party, "[b]y specifically agreeing that disputes would be heard in the New York State Supreme Court, . . . would ordinarily be deemed to have waived its right to remove the case." *Id*.

The Defendants' have waived their right to remove this matter to Federal Court based upon the forum selection clause contained in each of the documents which form the basis of the Complaint. In particular, the Defendants' agreed that "[t]he parties <u>hereby consent and irrevocably submit</u> to personal jurisdiction over each of them by the Courts of the State of New York in any action or proceeding." (emphasis added). See page "6" of Exhibit "B", page "6" of Exhibit "C", page "5" of Exhibit "D", and page "7" of Exhibit "E". As the parties have both identified the "Courts of the State of New York", and specifically agreed to a submit all disputes to such court, the Defendants' have waived there right to remove this matter, and have agreed to the exclusive jurisdiction of the courts of the State of New York.

The forum selection clause found in the instant matter is effectively identical to the one found in <u>Hamakua Sugar Company, Inc. v. The Fiji Sugar Corporation</u>, Ltd. 778 F. Supp. 503 (U.S. Dist. Ct. Hawaii 1991). In <u>Hamakua</u>, the parties were disputing a contract which contained a forum selection clause. An action concerning the contract was brought in Hawaii state court by the plaintiff, which was thereafter removed to Federal court by the defendants. The plaintiff's therafter brought a motion to remand the action to state court based upon the forum selection clause, which stated that both parties would "submit irrevocably to the jurisdiction of the Circuit Court of the Third Circuit of the State of Hawaii." *Id.* In holding that the defendant waived its right to removal, and remanding the case to Hawaii state court, the court stated: "[t]he word 'irrevocably' indicates an intention by the parties that the action would not be moved or transferred anywhere, but would remain in the Third Circuit of the State of Hawaii." *Id.* Accordingly, the District court found that the language of the forum selection clause explicit, and remanded the matter back to the courts of the State of Hawaii

In identical fashion to <u>Hamakua</u>, the documents which form the basis for the Complaint contain explicit language limiting the forum to the Courts of the State of New York. In both instances, the parties "irrevocably" submitted to the jurisdiction of a state court. Based upon the foregoing, this court should deem that Defendants' have waived their right to remove the action to Federal court and enforce the parties designation of forum, and the action should be remanded to the Supreme Court of the State of New York.

## **CONCLUSION**

By reason of the foregoing, it is respectfully submitted that Plaintiff's motion should be granted in its entirety; and that the Court should grant such other and further relief as to it may seem just and proper.

Dated: February 26, 2008
      New York, New York

Respectfully submitted,

/s/ Alan P. Fraade
Alan P. Fraade (AF9602)
Attorney for Plaintiff
Office and Post Office Address
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 490-1616