UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X   Case No. 08 cv 00453 (CM)
SCANTEK MEDICAL INC.,                                          :
                                                               :
     Plaintiff,                                              :
                                                               :
     vs.                                                     :
                                                               :
ANGELA CHEN SABELLA and ACCORDANT                              :
HOLDINGS, LLC,                                                 :
                                                               :
     Defendants.                                             :
-------------------------------------------------------------- X


DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO REMAND


McCue Sussmane & Zapfel, P.C.
Attorneys for Defendants
521 Fifth Avenue, 28th Floor
New York, New York 10175
212 931-5500

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................................ 1
FACTS ................................................................................................................................ 1
ARGUMENT ...................................................................................................................... 3
   A.   Plaintiff Motion to Remand Should be Denied for Failing to Comply with the
Mandatory 30 Day Deadline under 28 U.S.C. § 1447(c) ................................................ 3
   B.   Defendants Did Not Waive Their Right to Removal. ............................................. 4
CONCLUSION ................................................................................................................... 8

# TABLE OF AUTHORITIES

PAGE

**Statutes**
28 U.S.C. §1447 ................................................................................................... 1, 3

**Cases**
*City of New York v. Pullman Inc.*, 477 F. Supp. 438 (S.D.N.Y. 1979) ....................... 4, 5, 7
*Concorde Financial Corp. v. Value Line, Inc.*, U.S. Dist. LEXIS 2040,
   2004 WL 287658 (S.D.N.Y. 2004) ................................................................... 4
*Cronin v. Family Education Co.*, 105 F. Supp.2d 136,137-38 (E.D.N.Y. 2000) ............... 4
*Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) .................... 5
*Hamakua Sugar Co., Inc. v. Fiji Sugar Corp.*, 778 F. Supp. 503 (D. Hawaii 1991) ......... 7
*Hamilton v. Aetna Life and Casualty Co.*, 5 F3d 642, 643 (2d Cir. 1993) ........................ 3
*In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990) ................................. 5
*John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and
   Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994) ......................................... 4
*John's Insulation Inc. v. Siska Constr. Co., Inc.*, 671 F. Supp. 289, 294
   (S.D.N.Y. 1987) ................................................................................................ 4
*Phoenix Global Ventures, L.L.C., v. Phoenix Hotel Associates, Ltd.*,
   422 F.3d 72, 77 (2d Cir. 2005) .......................................................................... 3
*Pierpoint v. Barnes*, 94 F.3d 813 (2d Cir. 1996) ................................................................ 3
*Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp.2d 124
   (E.D.N.Y. 2004) .............................................................................................. 4,5
*Unity Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp.2d 108, 111
   (E.D.N.Y. 2001) ................................................................................................ 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X   Case No. 08 cv 00453 (CM)
SCANTEK MEDICAL INC.,                                        :
                                                             :
      Plaintiff,                                             :   DEFENDANTS' MEMORANDUM OF
                                                             :   LAW IN OPPOSITION TO MOTION
   vs.                                                       :   TO REMAND
                                                             :
ANGELA CHEN SABELLA and ACCORDANT                            :
HOLDINGS, LLC,                                               :
                                                             :
      Defendants.                                            :
------------------------------------------------------------ X

      Defendants Angela Chen Sabella ("Sabella") and Accordant Holdings, LLC ("Accordant"), by their attorneys McCue Sussmane & Zapfel, P.C, respectfully submit this Memorandum of Law in opposition to Plaintiff's Motion to Remand.

## PRELIMINARY STATEMENT

      Plaintiff's motion to remand must be denied because Plaintiff failed to make its motion within 30 days after the filing of Defendants' Notice of Removal as required by 28 U.S.C. §1447(c).

      Alternatively, even if Plaintiff's motion had been timely, the agreements proffered by Plaintiff do not contain mandatory forum selection clauses which waive Defendants' right to remove the action to this Court.

## FACTS

      Plaintiff commenced this action in the Supreme Court for the State of New York, County of New York on December 21, 2007, seeking to void certain promissory notes and shares of

1

stock of Plaintiff issued to Defendants.  Plaintiff served the state summons and complaint on defendants by certified mail, return receipt requested. *Sussmane Affirmation ¶3, and Ex A* .

On January 17, 2008, Defendants filed a Notice of Removal.

On January 29, 2008, Plaintiff filed an Amended Complaint seeking additional relief from this Court.

On February 26, 2008, Plaintiff filed this Motion to Remand, 40 days after the filing of Defendants' Notice of Removal.

Plaintiff does not contend that the Court lacks subject matter jurisdiction. Diversity of citizenship is clear. Plaintiff sues to void promissory notes in the principal amount of $303,250.80.  Plaintiff is a Delaware corporation with its principal place of business in the State of New Jersey.  Defendant Angela Chen Sabella is a citizen of the State of California. Defendant Accordant Holdings LLC is a Delaware limited liability company of which defendant Sabella is the sole member. *Amended Complaint ¶¶1-3; Counterclaims  ¶9-12; Sabella Affidavit, February 11, 2008, ¶2*.

Plaintiff's motion to remand is based solely on the argument that subscription agreements and promissory notes issued by Plaintiff contained a "forum selection clause" by which Defendants waived the right to remove this action to federal court.  The provisions, which are only partially quoted by Plaintiff, state:

> The parties hereby consent to and irrevocably submit to personal jurisdiction over each of them by the Court of the State of New York in any action or proceeding, irrevocably waive trial by jury and personal service of any and all process and specifically consent that in any such action or proceeding any service of process may be effectuated upon any of them by certified mail, return receipt requested . . .

*Fraade Affidavit Exs. B, C, D and E*. Such promissory notes and subscription agreements were drafted by Plaintiff. Sabella Aff. ¶7.

## ARGUMENT

    A. Plaintiff Motion to Remand Should be Denied for Failing to Comply with the Mandatory 30 Day Deadline under 28 U.S.C. § 1447(c).

28 U.S.C. § 1447(c) states that, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

*Phoenix Global Ventures, L.L.C., v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72, 77 (2d Cir. 2005) held that the 30 day deadline under Section 1447(c) "is plainly mandatory."

*Pierpoint v. Barnes*, 94 F.3d 813 (2d Cir. 1996) recognized that the legislative intent was for the 30 day deadline to be strictly applied. Based on the report of the House Committee on the Judiciary, the Second Circuit found "that it was the intent of Congress to create a strict time limitation on all challenges to removal based on any impropriety, whether procedural or substantive, in the removal procedure." *Id*. at 818. All motions for remand—except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived. *Hamilton v. Aetna Life and Casualty Co.*, 5 F3d 642, 643 (2d Cir. 1993).

Plaintiff's motion to remand was made 40 days after the filing of the notice of remand. By failing to comply with 28 U.S.C. §1447(c), Plaintiff waived its right to file a motion to remand.

Plaintiff does not claim that the Court lacks subject matter jurisdiction (an issue which can raised at any time before final judgment). Plaintiff argues only that Defendants waived their

right to remove this action, an argument which does not relate to subject matter jurisdiction, and must be made within 30 days. *See Concorde Financial Corp. v. Value Line, Inc.*, U.S. Dist. LEXIS 2040, 2004 WL 287658 (S.D.N.Y. 2004) (denying plaintiff's motion to remand based on a waiver argument because it failed to raise such argument within 30 days even though it did make a motion to remand within 30 days).

   B.  Defendants Did Not Waive Their Right to Removal.

Assuming arguendo that Plaintiff made a timely motion to remand, there is no basis to remand this action because there has been no waiver. It is well established in the Second Circuit that a forum selection clause does not constitute a waiver of defendant's statutory right to remove unless the language of the waiver is clear and unequivocal. *John's Insulation Inc. v. Siska Constr. Co., Inc.*, 671 F. Supp. 289, 294 (S.D.N.Y. 1987); *Cronin v. Family Education Co.*, 105 F. Supp.2d 136,137-38 (E.D.N.Y. 2000); and *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp.2d 124, 128 (E.D.N.Y. 2004). If the forum selection clause is ambiguous it will be construed against the party that drafted the clause. *See City of New York v. Pullman Inc.*, 477 F. Supp. 438 (S.D.N.Y. 1979).

Where the contract employs language that merely indicates jurisdiction, the clause is said to be permissive, not mandatory. In order for a forum selection clause to be deemed mandatory and construed as a waiver of defendant's removal rights, the clause must contain additional language of exclusivity. *See John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.*, 22 F.3d 51, 52-53 (2d Cir. 1994). In *Boutari,* the court analyzed contractual language stating that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek courts," and held that such language was not sufficiently

exclusive to constitute a waiver. Quoting the Ninth Circuit in *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) the court stated:

> [w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.

*John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.*, 22 F.3d at 52.

Where a forum selection clause neither expressly waives removal rights nor clearly indicates the exclusive forum for disputes, the clause is permissive. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp.2d 124, (E.D.N.Y. 2004).

Merely submitting to a specific jurisdiction does not, by any means, imply a waiver of removal rights. As the Southern District Court stated in *City of New York v. Pullman Inc.*, 477 F. Supp. 438 (S.D.N.Y. 1979):

> [A] party's consent to process and jurisdiction in a particular forum does not necessarily constitute a waiver of the right of removal under the federal diversity statute." *Id*. at 443-42. The Court explained further that "[a]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion." *Id*. at 442 n.11.

The Sixth Circuit stated in *In re Delta America Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990) that the right to remove could be waived, but aligned itself "four-square with those courts which have insisted that the waiver be clear and unequivocal." The Court denied a timely motion to remand based on a clause that stated that defendants "will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters." The Court ruled that the:

> primary purpose of the clause is to ensure that a [defendant]will submit to the jurisdiction of a court within the United States. Although we have referred to it as a "forum selection clause," the contract itself does not use that language. It would

>be more appropriate to describe it as a "submit to the jurisdiction of a court within the United States" clause. Given that many [defendants] are foreign corporations, the concern about *in personam* jurisdiction is logical and understandable. The right of removal, however, in no way interferes with *in personam* jurisdiction. Furthermore, at the time this clause was written, the only way that a case started in state court could be properly removed was if the state court had jurisdiction. Thus, there was a "submission" to the jurisdiction of the court in which the litigation was started as called for by the clause in question.

900 F. 2d at 893 -894.

The instant case is indistinguishable from *In re Delta America*. Defendants submitted to the personal jurisdiction of the Courts of the State of New York, allowing Plaintiff to commence this action in state court and serve process by mail. Defendants' removal did not interfere with such in personam jurisdiction and did not violate the clauses proferred by Plaintiffs.

*Unity Creations, Inc. v. Trafcon Industries, Inc.*, 137 F. Supp.2d 108, 111 (E.D.N.Y. 2001), interpreted a clause which provided:

>The Parties agree that jurisdiction of all legal disputes shall be decided in the Supreme Court of the State of New York, County of Suffolk and the parties hereby agree to submit to the jurisdiction of that court, agree to accept service of process by mail, and waive any jurisdictional or venue defenses otherwise available.

137 F. Supp.2d at 110. *Unity Creations* stated that under Second Circuit law:

>if the parties' agreement stipulates that a state court shall be the *venue* for a dispute, the defendant's right to remove the case to federal court would be deemed waived; removal would necessarily move the case to a venue other than the one in the agreement. However, if the agreement only establishes that a state court shall have *jurisdiction* over a dispute, the right to remove the case would not be affected; personal jurisdiction over a defendant is an issue distinct from the question of where a trial will be held.

The court ruled that the clause only granted personal jurisdiction, noting that the conclusion is justified because "the Defendants are residents of the State of Pennsylvania, and there is no evidence to suggest that they would otherwise be subject to the personal jurisdiction of courts in New York." *Id*.

In the instant action, the clauses relied on by Plaintiff are not forum selection clauses. The clauses address only *in personam* jurisdiction, consenting to personal jurisdiction by Courts of the State of New York and service of process in New York by certified mail. The sole purpose of the clauses are to permit long-arm jurisdiction in New York, a state in which Plaintiffs and Defendants do not reside and which has no contacts to the transactions. There is no clear and unequivocal waiver of the right to remove. The clauses do not refer to jurisdiction generally, do not refer to venue, and do not provide for exclusive jurisdiction in New York State Courts. Merely submitting to personal jurisdiction does not imply a waiver of removal rights. To the extent the clauses in question were analyzed as forum selection clauses, they neither expressly waive removal rights nor clearly indicate the exclusive forum for disputes, and would therefore be deemed to be permissive clauses .

To the extent there is any ambiguity, Plaintiff drafted the clauses at issue and any ambiguity should be resolved in favor of Defendants' statutory right to remove an action to federal court. *See City of New York v. Pullman Inc.*, 477 F. Supp. 438 (S.D.N.Y. 1979).

Plaintiff's reliance on *Hamakua Sugar Co., Inc. v. Fiji Sugar Corp.*, 778 F. Supp. 503 (D. Hawaii 1991) is misplaced. *Hamakua is* a case from a different circuit which applies a different standard than the Second Circuit. *Hamakua* specifically declined to adopt the rule of Second Circuit and Sixth Circuit that the waiver must be clear and unequivocal.

Even if *Hamakua* was decided in this District, it is readily distinguishable. The *Hamakua* clause provided that defendant submitted irrevocably to the "jurisdiction" of the state court. In the instant case, the parties consented only to "personal jurisdiction" and to service of process by mail. The instant clause cannot be interpreted as a consent to venue and a clear waiver of the right to remove.

CONCLUSION

    For the reasons stated above, plaintiffs' motion to remand should be denied.

Dated:    New York, New York
             March 11, 2008

                            Respectfully Submitted,

                            /Ken Sussmane/
                            Kenneth Sussmane (KS 9301)
                            McCue Sussmane & Zapfel, P.C.
                            Attorneys for Defendants
                            521 Fifth Avenue , 28th Floor
                            New York, New York 10175
                            212 931-5500