UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X       Index No.: 08 CV 00453 (CM)
SCANTEK MEDICAL, INC.,

                                  Plaintiff,                           **AFFIDAVIT**

        -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                                  Defendants.

------------------------------------------------------------------------X
State of New York   )
                       ) ss.:
County of New York)

Alan P. Fraade, being duly sworn, deposes and says:

1. I am a member of Mintz & Fraade, P.C. ("M&F"), attorneys for the Plaintiff Scantek Medical, Inc. (hereinafter referred to as "Scantek" or "Plaintiff"). I am fully familiar with the facts stated in this affidavit and know the same to be true to my own knowledge. I am fully familiar with the pleadings and proceedings heretofore had herein and the matters hereinafter set forth.

2. In order to avoid repetition, reference is made to my affidavit dated February 26, 2008, which I submitted in support of the Plaintiff's Motion to Remand (the "First Fraade Affidavit").

1

3. The Defendants set forth in their opposition papers that the Plaintiff's motion to remand should be denied based upon the fact that the Plaintiff filed the Motion to Remand after the 30 day time period after the date the Defendants filed the Notice of Removal had elapsed. Alternatively, the Defendants claim that they did not waive their right of removal based upon the forum selection clause. However, as set forth in the accompanying Memorandum of Law, this Court has the power to consider a Motion to Remand filed after the 30 day time period and should do so in view of the fact that both the Court and the Defendants had notice that the Plaintiff intended to file a Motion to Remand. Further, both the Defendants and the Plaintiff waived the right of removal by agreeing to the forum selection clause.

4. On January 29, 2008, I sent a letter via certified mail, a copy of which is annexed hereto as Exhibit "A", to the Defendants' counsel, in which I stated my objection to the removal of the action from the Supreme Court of the State of New York based upon the forum selection clause, and requested that the Defendants' counsel withdraw its Notice of Removal in order to eliminate this unnecessary motion practice. I further informed the Defendants' counsel that if he did not withdraw the Notice of Removal, I would file a motion to have the removal declared null and void. Such letter served to put the Defendants' counsel on notice.

5. On February 13, 2008, I sent a letter via facsimile, a copy of which is annexed hereto as Exhibit "B", to the Court (with a copy to the Defendants' counsel) requesting permission to file a Motion to Remand this matter back to the Supreme Court of the State of New York, or declare the removal null and void. This letter was sent and received within the 30 day time period and put both the Court and the Defendants' counsel on notice of the Plaintiff's intention to make such

motion. The undersigned, based upon experience with prior practice in the Federal Courts, believed that it was necessary to request the Court's permission to make this motion. Such request, even though ultimately discovered to be unnecessary, delayed the Plaintiff's preparation of the motion to remand. The undersigned received the Court's response to said letter, a copy of which is annexed hereto as Exhibit "C", late in the afternoon on February 14, 2008. On the next day the undersigned left for a previously arranged vacation from which he returned on February 25, 2008. The Motion to Remand was filed on February 26, 2008, the day after the undersigned returned from vacation; this was seven days after the expiration of the 30 day time period. It is respectfully submitted that the lack of prejudice to Defendants and the reasonable grounds for missing the deadline should be considered by the Court.

6. The Defendants' removal of this matter was improper. The forum selection clause is clear and unambiguous that, if any action or proceeding is to arise as a result of the Documents (as defined in the First Fraade Affidavit), the courts with the proper jurisdiction are the "Courts of the State of New York." Moreover, the Defendants agreed that the forum selection clause was "irrevocable" and unequivocally sets forth that the Courts of the State of New York were intended to be the sole agreed upon jurisdiction for any litigation.

7. Accordingly, the removal of this action to the United State District Court should be declared null and void so that this matter may proceed in the Supreme Court of the State of New York pursuant to the agreement of the parties in the forum selection clause.

**WHEREFORE**, it is respectfully submitted that the removal of this matter to the United States District Court be declared null and void; that this matter be transferred back to the Supreme Court of the State of New York, and that the Court grant such other and further relief as to it may seem just and proper.

                                                 */s/ Alan P. Fraade*
                                                 Alan P. Fraade

Sworn to before me this
21st day of March 2008

*/s/ Gregory T. Krauss*
_____
Notary Public

4

# EXHIBIT "A"

**MINTZ & FRAADE, P. C.**
COUNSELORS AT LAW
488 MADISON AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE
(212) 486-2500

TELECOPIER
(212) 486-0701

OF COUNSEL
JAY D. FISCHER
EDWARD C. KRAMER
KEVIN J. MCGRAW
ARTHUR L. PORTER, JR.
JON M. PROBSTEIN
SEYMOUR REITKNECHT
I. FREDERICK SHOTKIN

January 29, 2008

<u>Certified Mail – Return Receipt Requested</u>

Kenneth Sussmane, Esq.
521 Fifth Avenue, 28th Floor
New York, NY 10175

Re: <u>Scantek Medical, Inc. v. Angela Chen Sabella and Accordant Holdings, LLC, Index No.: 07/604212</u> (the "Lawsuit")

Dear Mr. Sussmane:

    Reference is made to Notice of Removal of the Lawsuit to the United States District Court for the Southern District of New York dated January 17, 2008. In view of the fact that the defendants, Angela Chen Sabella and Accordant Holdings, LLC ("Accordant"), have limited their consent to personal jurisdiction by the Courts of the State of New York, and the plaintiff filed the Lawsuit in the State Court based upon such consent, we object to the removal of the Lawsuit to Federal Court.

    The following documents all contain the following provision:

> The parties hereby consent to and irrevocably submit to personal jurisdiction over each of them by the Courts of the State of New York in any action or proceeding . . . .

1. The Subscription Agreement dated August 20, 2002 executed by Ms. Sabella;

2. The Promissory Note dated August 20, 2002 executed by Scantek Medical, Inc. ("Scantek") in favor of Ms. Sabella;

3. The Subscription Agreement dated February 10, 2003 executed by Ms. Sabella; and

1

Mintz & Fraade, P.C.

4. The Promissory Note dated February 10, 2003 executed by Scantek in favor of Accordant.

Notwithstanding our objection to the removal of the Lawsuit to Federal Court, I am enclosing herewith an Amended Summons & Complaint. The enclosed Amended Summons & Complaint is being served without prejudice to our client's rights, all of which are hereby expressly reserved. Specifically, we reserve the right to move to have the removal of the Lawsuit declared null and void in view of the fact that the defendants have specifically consented to personal jurisdiction by the Courts of the State of New York. By serving the Amended Summons & Complaint, we are not consenting to the removal of the Lawsuit to Federal Court.

In order to avoid unnecessary motion practice, we request that you take the necessary action to withdraw the Notice of Removal with respect to the Lawsuit, and ensure that the Lawsuit remains in the Supreme Court of the State of New York, County of New York. However, if we have not received notice from you on or prior to February 11, 2008 that you have taken the necessary action to proceed with the Lawsuit in the Supreme Court of the State of New York, we will file a motion with the United States District Court to have the removal of the Lawsuit declared null and void.

If you have any questions, please contact the undersigned.

Very truly yours,

Mintz & Fraade, P.C.

By: /s/ Alan P. Fraade
Alan P. Fraade

APF/crs

2

N:\Clients\Scantek Medical Inc\Sabella\Litigation\Correspondence\Letter re Removal v.final.doc

**EXHIBIT "B"**

## MINTZ & FRAADE, P.C.
COUNSELORS AT LAW
488 MADISON AVENUE
NEW YORK, NEW YORK 10022

| | |
|---|---|
| TELEPHONE<br>(212) 486-2500 | OF COUNSEL<br>JAY D. FISCHER<br>EDWARD C. KRAMER<br>MELVIN L. LEBOW |
| TELECOPIER<br>(212) 486-0701 | KEVIN J. MCGRAW<br>ARTHUR L. PORTER, JR<br>JON M. PROBSTEIN<br>SEYMOUR REITKNECHT<br>I. FREDERICK SHOTKIN |

February 13, 2008

**VIA FACSIMILE**

Hon. Colleen McMahon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St., Room 640
New York, NY 10007

Re: <u>Scantek Medical, Inc. v. Angela Chen Sabella and Accordant Holdings, LLC, Index No.: 08 CV 00453 (CM)</u> (the "Lawsuit")

Dear Judge McMahon:

I am the attorney of record for Scantek Medical, Inc. with respect to the Lawsuit. On January 17, 2008, the attorney for the defendants, Angela Chen Sabella and Accordant Holdings, LLC, filed a Notice of Removal with respect to the Lawsuit. I am writing to seek your permission to make a motion to have the removal declared null and void because removal of the Lawsuit is improper.

The Defendants base their Notice of Removal to this Court solely upon diversity jurisdiction pursuant to 28 U.S.C. §1332.

The Defendants have waived their right to assert diversity jurisdiction as a basis for removal. All of the documents which form the basis of Plaintiff's lawsuit contains the following provision:

> The parties hereby consent to and irrevocably submit to personal jurisdiction over each of them **by the Courts of the State of New York in any action or proceeding** . . . .

- 1 -

- 2 -

(emphasis added). Accordingly, the removal of the Lawsuit to the United States District Court was improper because the defendants agreed to jurisdiction of the Courts of the State of New York.

In view of the foregoing, jurisdiction is not proper in the United States District Court; the removal of this matter should be deemed null and void.

> Respectfully submitted,
>
> *[signature]*
>
> Alan P. Fraade

cc: Kenneth Sussmane, Esq.

APF/gtk

# EXHIBIT "C"



**MINTZ & FRAADE, P.C.**
COUNSELORS AT LAW
488 MADISON AVENUE
NEW YORK, NEW YORK 10022

**MEMO ENDORSED**

TELEPHONE
(212) 486-2500

TELECOPIER
(212) 486-0701

OF COUNSEL
JAY D. FISCHER
EDWARD C. KRAMER
MELVIN L. LEBOW
KEVIN J. MCGRAW
ARTHUR L. PORTER, JR
JON M. PROBSTEIN
SEYMOUR REITKNECHT
I. FREDERICK SHOTKIN

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/08
```

February 13, 2008

VIA FACSIMILE

Hon. Colleen McMahon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St., Room 640
New York, NY 10007

*[handwritten: You need to make a motion — I do not take letter motion 2/14/08]*

Re: Scantek Medical, Inc. v. Angela Chen Sabella and Accordant Holdings, LLC, Index No.: 08 CV 00453 (CM) (the "Lawsuit")

Dear Judge McMahon:

I am the attorney of record for Scantek Medical, Inc. with respect to the Lawsuit. On January 17, 2008, the attorney for the defendants, Angela Chen Sabella and Accordant Holdings, LLC, filed a Notice of Removal with respect to the Lawsuit. I am writing to seek your permission to make a motion to have the removal declared null and void because removal of the Lawsuit is improper.

The Defendants base their Notice of Removal to this Court solely upon diversity jurisdiction pursuant to 28 U.S.C. §1332.

The Defendants have waived their right to assert diversity jurisdiction as a basis for removal. All of the documents which form the basis of Plaintiff's lawsuit contains the following provision:

> The parties hereby consent to and irrevocably submit to personal jurisdiction over each of them by the Courts of the State of New York in any action or proceeding . . . .

*[handwritten margin: I do not give permission — you need not ask]*

- 1 -

N:\Clients\Scantek Medical Inc\Sabella\Litigation\Correspondence\Letter to Judge McMahon - Permission for Motion.vf.doc

(emphasis added). Accordingly, the removal of the Lawsuit to the United States District Court was improper because the defendants agreed to jurisdiction of the Courts of the State of New York.

In view of the foregoing, jurisdiction is not proper in the United States District Court; the removal of this matter should be deemed null and void.

Respectfully submitted,

Alan P. Fraade

cc: Kenneth Sussmane, Esq.

APF/gtk