UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X  Index No.: 08 CV00453(CM)
SCANTEK MEDICAL, INC.,

                                      Plaintiff,

     -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                                      Defendants.

----------------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DECLARE REMOVAL OF THIS MATTER FROM THE COURTS OF THE STATE OF NEW YORK <u>NULL AND VOID.</u>

      This Memorandum of Law is submitted by the Plaintiff, Scantek Medical, Inc. in response to the Defendants' memorandum of law in opposition to the Plaintiff's motion to have the Defendants' removal of this matter to Federal Court declared null and void and to have this matter remanded to the Supreme Court of the State of New York, pursuant to 28 U.S.C. 1447(c), upon the grounds that both parties waived their right to remove this matter.

      In order to avoid repetition, the Court is respectfully referred to the Affidavits of Alan P. Fraade, the first dated February 26, 2008, submitted in support of Plaintiff's motion to remand (the "First Fraade Affidavit"), and the second dated March 21, 2008, submitted simultaneously herewith (the "Second Fraade Affidavit"), for the facts of this matter. All exhibits cited herein refer to the exhibits annexed to either the First Fraade Affidavit or the Second Fraade Affidavit, unless otherwise indicated.

### I. THIS COURT SHOULD CONSIDER THE MOTION TO REMAND ON THE MERITS NOTWITHSTANDING THE FACT THAT IT WAS MADE IN EXCESS OF 30 DAYS AFTER THE NOTICE OF REMOVAL WAS FILED

Although 28 U.S.C. 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)" the Court should exercise its discretion to grant the motion notwithstanding the fact that it was made in excess of 30 days after the filing of the notice of removal.  In commenting on this 30 day time period to file a motion to remand after the filing of the notice of removal, the Court of Appeals for the Second Circuit stated that: "we have never held it to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion." Phoenix Global Ventures, LLC v. Phoenix Hotel Assoc., Ltd., 422 F.3d 72, 75 (2d Cir. 2005).

The Defendants' counsel attempts to use an isolated phrase from the Phoenix Global Ventures case in spite of the fact that the Court's conclusion in that case is clearly against the Defendants' position.  Defendants' counsel states that Phoenix Global Ventures "held that the 30 day deadline under Section 1447(c) 'is plainly mandatory.'" Defendants' Memorandum of Law in Opposition to Motion to Remand, at 3 (*quoting* Phoenix Global Ventures, at 77).  Defendants' counsel intentionally left out the remainder of the quote which reads, in its entirety:

> Under 28 U.S.C. § 1447(c), to avoid waiver of any procedural defects in the notice of removal, a motion for remand must be filed within thirty days of the filing of the notice of removal. This deadline is plainly mandatory. However, we have never held it to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion.

Id. (emphasis added) (internal citations omitted). Not only does the Defendants' counsel take the Phoenix Global Ventures quote out of context, but the Defendants' counsel goes as far as to intentionally misstate the holding of the case.

In the Phoenix Global Ventures case, the District court deemed a motion to remand to be timely even though it was filed beyond the 30 day time period. The Second Circuit upheld the District court's decision. The Second Circuit in affirming the decision of the District court held that it was within the District Court's discretion to consider a motion to remand filed after the 30 day time period to be timely. The Second Circuit did not limit this discretion but stated that said discretion should be based upon "whether a strict application of these requirements would cause an unjust result. Id. at 76.

The 30 day time limit was designed to avoid "late game forum shopping", (*See, e.g.,* Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir.1996)). The 30 day time limit reflects a policy choice on the part of Congress to promote certainty and efficiency among litigants and the courts at a very early stage in the proceedings and to guard against mid-litigation forum shopping. Id. In the present matter, the parties are certainly not in "mid-litigation"; in fact, because the Defendants have made a motion to dismiss, the Defendants have not yet served nor filed their answer.

More importantly, the Plaintiff is not "forum shopping". As explained in more detail below, in the previous motion papers accompanying the Motion to Remand dated February 26, 2008, and in the First Fraade Affidavit, the parties specifically agreed to designate the Courts of the State of New York as the forum for any disputes. Accordingly, the Plaintiff is merely seeking to enforce the agreed upon jurisdiction of the Courts of the State of New York.

In addition to the foregoing, it is respectfully submitted that two extenuating circumstances should cause this Court to exercise its discretion to grant a brief extension of the deadline set forth in Section 1447(c).

First, it should be noted that both the Court and opposing counsel were aware of the Plaintiff's intention to seek removal of this action. On January 29, 2008, (within the 30 day time limit) the Plaintiff's counsel sent a letter via certified mail, a copy of which is attached to the Second Fraade Affidavit as Exhibit "A", to the Defendants' counsel, which stated that the Plaintiff's counsel objected to the removal of the action from the Supreme Court of the State of New York based upon the forum selection clause in the Documents (as defined in the First Fraade Affidavit), and requested that the Defendants' counsel withdraw its Notice of Removal, and further stated that if the Defendants' counsel did not withdraw its Notice of Removal that the Plaintiff's counsel would file a motion to have the removal declared null and void. This letter clearly put the Defendants' counsel on notice.

Second, on February 13, 2008 (also within the 30 day time limit), the Plaintiff's counsel sent a letter via facsimile, a copy of which is attached to the Second Fraade Affidavit as Exhibit "B", to the Court (with a copy to Defendants' counsel) requesting permission to make the motion to remand. Accordingly, within the 30 day time limit, the Court was advised by one letter of the Plaintiff's intention to make the motion to remand, and the Defendants' counsel was advised by two letters of the Plaintiff's intention to make the motion to remand. In the same letter, the Plaintiff's counsel, mistakenly believing that it was necessary to request the Court's permission to make the motion, requested such permission.

Based upon the letter to Defendants' counsel and the letter to this Court, and taking into consideration both the statement by the Second Circuit which allows a court to consider a motion to remand after the 30 day time period, and the intents and purposes behind the 30 day limit to make a motion to remand, it is respectfully submitted that this Court should exercise its discretion and grant this motion.

## II. DEFENDANTS' REMOVAL OF THIS MATTER TO FEDERAL COURT WAS IMPROPER BECAUSE BOTH PARTIES WAIVED THE RIGHT TO REMOVE THE ACTION BASED UPON THE EXCLUSIVE FORUM SELECTION CLAUSE

Both parties to the instant action waived the right to remove the action from the Supreme Court of New York State upon agreeing to the exclusive forum selection clause in the Documents. The Second Circuit has endorsed the notion that an exclusive forum selection clause will result in the waiver of a party's ability to remove an action from the court designated in such a clause. *See* Karl Koch Erecting Co. v. New York Convention Center Development Corp., 838 F.2d 656 (2d Cir. 1988) (upholding remand to state court based upon forum selection clause, and stating that "the parties' inclusion of the forum selection clause makes little sense unless it precludes removal").

It is well established that forum selection clauses "will be enforced unless it clearly can be shown that enforcement 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Bense v. Interstate Battery Sys. of Am., 683 F.2d 718, 721-22 (2d Cir. 1982) (*quoting* The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916 (1972)). Indeed, "[t]he Second Circuit has expressed a 'strong policy' of enforcing forum selection agreements". Rogen v. Memry Corp., 886 F.Supp. 393 (S.D.N.Y. 1995) (*quoting* Weiss v. Colombia Pictures Television, Inc., 801 F.Supp. 1276, 1279 (S.D.N.Y. 1992)).

A valid forum selection clause, with exclusive language providing that the Courts of New York State would have jurisdiction over all litigation arising out of an agreement, serves to limit jurisdiction exclusively to the court named, and will constitute a waiver of both parties' right to remove the action. *See* Seward v. Devine, 888 F.2d 957, 962 (2d Cir. 1989). In *Seward*, the plaintiff and defendant entered into an agreement which contained a forum selection clause. The clause stated that "the New York State Supreme Court, Delaware County, shall have jurisdiction over all litigation which shall arise out of any disputes or disagreements between the parties concerning a breach or interpretation of any of the terms of this agreement." Id. The plaintiff brought suit in Federal District Court and the District Court dismissed the action based upon the fact that the forum selection clause limited the jurisdiction over the claims exclusively to the court named. Id.

Similarly, the language of the forum selection clause in the present case is exclusive. The phrasing of the clause, the court designation and the use of the word "irrevocably" categorically indicate that the Courts of the State of New York shall be the sole situs of any action between the parties. *See* Hamakua Sugar Company, Inc. v. Fiji Sugar Corp., Ltd., 778 F.Supp. 503 (D. Hawaii 1991) (holding that party waived its right to remove action from state court based upon forum selection clause stating that the parties will "submit irrevocably to the jurisdiction" of the state court of the State of Hawaii). The language included in the forum selection clause in the case at hand contains identical language to that in Hamakua. The Hawaii District Court's holding is not binding upon this Court, however, considering the near identical phrasing of the clauses, it is nonetheless strongly instructive. Because of this fact, both parties waived their right to remove the action to federal court.

6

It is interesting that Defendants' counsel states that Plaintiff's reliance on Hamakua is "misplaced" because the decision is not from the Second Circuit, especially considering that fact that Defendants' counsel then proceeds to cite a case from the Sixth Circuit, In re Delta America Re Ins. Co., 900 F.2d 890, 892 (6th Cir. 1991), and claims that this Sixth Circuit case is indistinguishable from the case at bar. Defendants' counsel cannot have its cake and eat it too. As shown below In re Delta is easily distinguishable from the instant case.

Also the Defendant's counsel cites a number of cases for the proposition that a forum selection clause will not act as a waiver of a party's right to remove a case unless the language of the waiver is clear and unequivocal.  This proposition is true; however, every case that the Defendants' counsel cites contains a poorly worded forum selection clause, unlike the forum selection clause in the instant case.  The forum selection clause at issue herein states: "The parties hereby consent to and irrevocably submit to personal jurisdiction over each of them by the Courts of the State of New York in any action or proceeding".

The Defendants' counsel cites cases where the forum selection clause was clearly ambiguous, unclear or equivocal, and easily distinguishable from the forum selection clause in the instant case. See Rabbi Jacob Joseph Sch. v. Province of Mendoza, 342 F. Supp.2d 124 (E.D.N.Y. 2004) (the clause: "[t]he Province irrevocably submits to the non-exclusive jurisdiction of any New York State or United States federal court sitting in the City of New York" states that is non-exclusive on its face); City of New York v. Pullman Inc., 477 F. Supp. 438 (S.D.N.Y. 1979) ("only New York courts shall have jurisdiction" ambiguous because "New York courts" could mean either New York State or New York Federal courts); In re Delta, supra, ("[the party] will submit to the jurisdiction of any

7

court of competent jurisdiction within the United States" - much too ambiguous to be exclusive); John Boutari & Son, Wines and Spirits, S.A. v. Attiki Importers and Dist. Inc., 22 F.3d 51 (2d Cir 1994) ("Any dispute arising between the parties shall come within the jurisdiction of the competent Greek Courts" clearly not exclusive, merely conferring jurisdiction).

The only two cases which Defendants' counsel cites whose forum selection clauses are at all similar to the forum selection clause in the case at bar are Cronin v. Family Education Co., 105 F. Supp.2d 136, 137-38 (E.D.N.Y. 2000), and John's Insulation Inc. v. Siska Constr. Co., Inc., 671 F. Supp. 289, 294 (S.D.N.Y. 1987). The forum selection clause in Cronin states: "the parties agree to the exclusive jurisdiction of the courts located *in* the City and State of New York." Id. (emphasis added). Similarly, the forum selection clause in John's Insulation states: "any action hereunder shall be commenced *in* the Supreme Court of the State of New York". Id. (emphasis added). The main, and dispositive, difference between the forum selection clauses in Cronin and John's Insulation is that the forum selection clauses in both cases used the word "in". The forum selection clause in the instant case uses the term "of", as in "the Courts *of* the State of New York". This distinction was recognized in Rogen v. Memry Corporation, 886 F.Supp. 393, 396 (S.D.N.Y. 1995), in which the court stated that "[t]he use of the word 'of' and the phrase 'State of' is sufficiently specific and unambiguous to require that actions regarding the agreement be litigated in New York State court. This holding is consistent with case law." The court in Rogen distinguished that when the word "in" is used, it refers to courts *in* a geographic area only, and therefore federal courts *in* the geographic area will be acceptable as well as state courts.

The forum selection clause in the instant case specifically designates the Courts of the State of New York as having exclusive jurisdiction over any claim arising out of the transaction, and that designation should be upheld. *See* Bense, 683 F.2d at 722 (2d Cir. 1982) (stating that the court should not adopt an interpretation that "would render the forum selection clause meaningless."). In sum, "[t]he choice of the forum was made in an arm's-length negotiation by experienced and sophisticated business[persons], and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." Id. at 721. (*quoting* National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411 (1964).

## **CONCLUSION**

Based upon the foregoing, it is respectfully submitted that this Court should enforce the exclusive forum selection clause which waived both parties' right of removal and declare the Defendants' removal of the action from the Supreme Court of the State of New York null and void. It is further respectfully submitted that the Plaintiff's motion should be granted in its entirety; and that the Court should grant such other and further relief as to it may seem just and proper.

Dated: March 21, 2008
       New York, New York

                                              Respectfully submitted,

                                              */s/ Alan P. Fraade*

                                              Alan P. Fraade (AF9602)
                                              Attorney for Plaintiff
                                              Office and Post Office Address
                                              488 Madison Avenue, Suite 1100
                                              New York, New York 10022
                                              (212) 486-2500