UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCANTEK MEDICAL, INC.,

                                                                 Index No.: 08 CV 00453 (CM)

                         Plaintiff,

                                           **AFFIDAVIT**

      -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                        Defendants and
                        Third-Party Plaintiffs,

      -against-

MINTZ & FRAADE, P.C., FRED MINTZ, ALAN
FRAADE, MINTZ & FRAADE ENTERPRISES, LLC,
ZSIGMOND L. SAGI, and GIBRALTAR GLOBAL
MARKETING LLC,

                        Third-Party Defendants.
------------------------------------------------------------------X

State of New Jersey   )
                            ) ss.:
County of Morris     )

Patricia Furness, being duly sworn, deposes and says:

    1. I am the President of Scantek Medical, Inc., the Plaintiff in this action. I am fully familiar with the facts stated in this affidavit and know the same to be true to my own knowledge. I am fully familiar with the pleadings and proceedings heretofore had herein and the matters hereinafter set forth.

    2. As of the date of the writing of this affidavit, Dr. Zsigmond L. Sagi, the Chief Executive Officer of the Plaintiff, as well a Third Party Defendant, is currently out of the

1

country, and is not expected to return before Plaintiff and Third Party Defendants Motion to Dismiss the Counterclaims and Third Party Complaint is to be submitted. Accordingly, significant practical considerations with respect to arranging for Dr. Sagi's signature and the accompanying notarization may prevent Dr. Sagi from submitting a timely notarized affidavit. We shall submit Dr. Sagi's affidavit without a notary with the Plaintiff's motion, and expect to submit Dr. Sagi's affidavit with a notary before the court's consideration of the Plaintiff's motion, I am nonetheless submitting this additional affidavit, which is repetitive, in part, to Dr. Sagi's Declaration on behalf of the Plaintiff and Third Party Defendants.

3. The Defendants and Third Party Plaintiffs in this action (the "Defendants") have made very serious allegations against the Plaintiff, Dr. Sagi, the Plaintiff's legal counsel, Mintz & Fraade, P.C. ("M&F"), and its members, Frederick M. Mintz and Alan P. Fraade. Each of these claims is totally without any merit. In brief, the Defendants claim that the Plaintiff engaged in a scheme to take advantage of the criminal usury laws of the State of New York and defraud the Defendants through the sale of unenforceable securities. I can affirmatively state that no such scheme exists.

4. In addition, the Defendants alleged that they were fraudulently induced to enter into the transactions as a result of written statements made the Plaintiff contained in its filings with the Securities and Exchange Commission ("SEC"). In particular, the Defendants allege that Plaintiff's expectations that sales of the Plaintiff's medical device

2

would commence in Brazil in 2002, or soon thereafter is evidence of a plan to defraud them. At the time these statements were made, the Plaintiff was in serious negotiations to market its medical devices in Brazil, and based upon these negotiations, both Dr. Sagi and I reasonably expected and anticipated that sales of Scantek's medical device would be sold in Brazil. Unfortunately, Scantek experienced unforeseen obstacles and delays outside of its control, which resulted in these reasonable expectations of sales of the Plaintiff's medical device in Brazil not timely occurring. Notwithstanding the foregoing, when the statements with respect to expectations of sales to Brazil were made, they were reasonable, and honestly believed to be true.

5. To this day, we remain optimistic with respect to sales in Brazil. Pursuant to my records, since Defendants' initial loan in April of 2002, Dr. Sagi has made more than a dozen trips to Brazil with respect to the marketing and distributing the Plaintiff's medical device in Brazil. In fact, on May 2, 2008, the Plaintiff announced in a press release that its wholly-owned subsidiary Scantek Medical do Brasil LTDA entered into two contracts to sell an aggregate of 70,000 units of its medical device to two companies in Brazil. I believe that sales of the Plaintiff's medical device to Brazil will continue and increase substantially hereinafter. There can be no assurance that this will occur.

6. The Plaintiff had every intention of honoring the transactions with the Defendants. I am aware of direct conversations between Dr. Sagi and Mark Stepniewski, a representative of the Defendants who demanded the terms of the original transaction, as

well as similar conversation between Mr. Stepniewski and Plaintiff's legal counsel, Third Party Defendant Mintz & Fraade, P.C with respect to reaching an amicable settlement. In fact, the Plaintiff and the Defendants had effectively agreed upon such terms, which would have placed a substantial burden upon the Plaintiff, when the Defendants current attorney requested additional terms which were impossible for the Plaintiff to meet.

                                                  */s/ Patricia Furness*

                                                  _____

                                                        Patricia Furness

Sworn to before me this
23rd day of May 2008

*/s/*
_____
Notary Public