UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SCANTEK MEDICAL, INC.,

                                                          Index No.: 08 CV 00453 (CM)

                       Plaintiff,

                                                          **DECLARATION**

        -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                       Defendants and
                       Third-Party Plaintiffs,

        -against-

MINTZ & FRAADE, P.C., FRED MINTZ, ALAN
FRAADE, MINTZ & FRAADE ENTERPRISES, LLC,
ZSIGMOND L. SAGI, and GIBRALTAR GLOBAL
MARKETING LLC,

                       Third-Party Defendants.
-------------------------------------------------------------------X

Zsigmond L. Sagi, declares the following to be the truth under the penalty of perjury:

    1. I am the Chief Executive Officer of Scantek Medical, Inc., the Plaintiff in this action. I am also a Third Party Defendant. I am fully familiar with the facts stated in this affidavit and know the same to be true to my own knowledge. I am fully familiar with the pleadings and proceedings heretofore had herein and the matters hereinafter set forth.

    2. The Defendants and Third Party Plaintiffs in this action (the "Defendants") have made very serious allegations against me, the Plaintiff, the Plaintiff's legal counsel, Mintz & Fraade, P.C. ("M&F"), and its members, Frederick M. Mintz and Alan P. Fraade. Each of these claims is totally without any merit. In brief, the Defendants claim that the Plaintiff engaged in a scheme to take advantage of the criminal usury laws of the

1

State of New York and defraud the Defendants through the sale of unenforceable securities. I can affirmatively state that no such scheme exists, nor existed at any time in the past, and that I was not aware at the time the subject transactions were entered into that the loan transactions were criminally usurious.

3. In addition, the Defendants alleged that they were fraudulently induced to enter into the transactions as a result of written and oral statements made by me in addition to statements of the Plaintiff contained in its filings with the Securities and Exchange Commission ("SEC"). In particular, the Defendants allege that Plaintiff's expectations that sales of the Plaintiff's medical device would commence in Brazil in 2002, or soon thereafter is evidence of a plan to defraud them. At the time these statements were made, the Plaintiff was in serious negotiations to market its medical devices in Brazil, and based upon these negotiations, I reasonably expected and anticipated that sales of Scantek's medical device would be sold in Brazil. Unfortunately, Scantek experienced unforeseen obstacles and delays outside of its control, which resulted in these reasonable expectations of sales of the Plaintiff's medical device in Brazil not timely occurring. Notwithstanding the foregoing, when the statements with respect to expectations of sales to Brazil were made, they were reasonable, and honestly believed to be true.

4. To this day, I remain optimistic with respect to sales in Brazil. Since Defendants' initial loan in April of 2002, I have made more than a dozen trips to Brazil with respect to its marketing and distributing the Plaintiff's medical device in Brazil. As a result of these trips, on May 2, 2008, the Plaintiff announced in a press release that its wholly-owned subsidiary Scantek Medical do Brasil LTDA entered into two contracts to sell an aggregate of 70,000 units of its medical device to two companies in Brazil. I believe that

sales of the Plaintiff's medical device to Brazil will continue and increase substantially hereinafter. There can be no assurance that this will occur.

5. Notwithstanding having had various executive positions in businesses for over 30 years, I have never previously raised the issue of usury to void any transaction, nor has any business entity of which I am or was a principal raised usury in any manner.

6. I had every intention of causing the Plaintiff to honor the transactions with the Defendants. I had direct conversations with Mark Stepniewski, a representative of the Defendants who demanded the terms of the original transaction , with respect to reaching an amicable settlement. I also caused the Plaintiff's legal counsel, Third Party Defendant Mintz & Fraade, P.C. to have frequent conversations with Mr. Stepniewski with respect to a settlement. In fact, the Plaintiff and the Defendants had effectively agreed upon such terms, which would have placed a substantial burden on the Plaintiff, when the Defendants current attorney requested additional terms which were impossible for the Plaintiff to meet. As a result, I reluctantly raised the issue of usury to void the transactions with the Defendants to avoid the consequence of Defendants enforcing the usurious terms of the loans.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 23, 2008

*/s/ Zsigmond L. Sagi*
_____
Zsigmond L. Sagi