UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SCANTEK MEDICAL, INC.,

                Plaintiff,

- against -

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                Defendants.

------------------------------------------------------------x

08-CV-453 (CM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/08

### DECISION AND ORDER DENYING
### PLAINTIFF'S MOTION TO REMAND

McMahon, J.:

I)    Introduction

In this action, plaintiff seeks a declaratory judgment stating that certain promissory notes and subscription agreements, used as consideration for loans by defendants to plaintiff, be voided as criminally usurious under New York state law. Plaintiff commenced this action in the Supreme Court of the County of New York and defendants removed it to federal court pursuant to 28 U.S.C. § 1332.

Plaintiff now alleges that the removal to federal court was invalid and seeks remand. For the reasons set forth below, the Court denies plaintiff's Motion to Remand.

II)    Background Facts

Plaintiff Scantek Medical, Inc. ("Scantek") filed this action in the Supreme Court of the County of New York on December 21, 2007, seeking a declaratory judgment to void promissory notes and subscription agreements. (Notice of Removal, Ex. A [Compl.], Dkt. #1.) These claims

1

arise out of loans made by defendants Accordant Holdings, LLC ("Accordant") and Angela Chen Sabella ("Sabella") (collectively, the "Defendants") to plaintiff. (Id., Ex. A [Compl.] ¶¶ 5, 14.) Sabella is the only member of Accordant. (Affidavit of Sabella ¶ 2, Dkt. #8.) As consideration for these loans, plaintiff executed promissory notes in favor of Defendants as well as Subscription Agreements, which transferred shares of stock in plaintiff to Defendants. (Notice of Removal, Ex. A [Compl.] ¶¶ 5, 8, 15, 18.) Defendants filed a Notice of Removal on January 17, 2008 and plaintiff filed an Amended Complaint on February 1, 2008. (Dkt. #1 & #5.) On February 11, 2008, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #6.) That motion remains pending before the Court.

On February 13, 2008, plaintiff sent a letter to the Court seeking permission to file a motion to remand the case. (Dkt. #11.) On February 14, 2008, the Court responded, "You need to make a motion—I do not take letter motions. I do not give permission—you need not ask." Id. On February 26, 2008, plaintiff filed a Motion to Remand. (Dkt. #14.)

III)   Jurisdiction

Defendants removed the action to this Court by invoking diversity jurisdiction. To do so, there must be complete diversity among the parties—that is, that no defendant is from the same state as any plaintiff—and there must be at least $75,000 in controversy. 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. 267 (1806) (holding that the Constitution's allowance for diversity jurisdiction should be interpreted as requiring complete diversity). Defendants state "[d]iversity of citizenship is clear" but do not explain how citizenship is determined for limited liability companies. (Defs.' Opp'n Br. 2, Dkt. #19.) At first glance, the parties seem to lack complete diversity because both plaintiff Scantek and defendant Accordant are incorporated and organized, respectively, in Delaware. (Am. Compl. ¶ 1, Dkt. #5; Affirmation of Kenneth

2

Sussmane dated March 11, 2008 ("Sussmane Affirm'n"), Ex. C [Affidavit of Sabella] ¶ 2, Dkt. #20.) However, as set forth below, the requirement of complete diversity is met.

To determine citizenship of corporations, such as plaintiff Scantek, the Court looks to its place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Here, Scantek is incorporated in Delaware and holds a principal place of business in New Jersey. (Am. Compl. ¶ 1, Dkt. #5.) For purposes of diversity of citizenship, it is considered a citizen of both Delaware and New Jersey.

Domicile determines an individual's citizenship for diversity jurisdiction. Here, defendant Sabella is a citizen of California. (Id. ¶ 2, Dkt. #5.)

Although absent from the parties' submissions and unclear from 28 U.S.C. § 1332, a limited liability company—a hybrid of both a corporation and a limited liability partnership—is treated as the latter for purposes of determining diversity of citizenship. Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) (adopting the Seventh Circuit's rule that limited liability companies are treated as limited liability partnerships for determining citizenship for diversity purposes in Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); see also Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999) (holding that, despite its resemblance to a corporation, a limited liability company must be treated as a limited liability partnership in determining citizenship for diversity purposes).

Citizenship of limited liability partnerships is based on that of its members. Carden v. Arkoma Associates, 494 U.S. 185, 195-196 (1990) (holding that citizenship of all general and limited partners must be considered to determine diversity of citizenship and that limited liability partnerships are not "citizens" of states as are corporations).[1] Here, Sabella is the sole member

---

[1] In this district, a pre-Carden Court treated a limited liability company as a corporation for purposes of diversity jurisdiction, using its principal place of business to determine citizenship. General Atl. Invs. Ltd. v. Business Dev.

3

of Accordant. (Sussmane Affirm'n, Ex. C [Aff. of Angela Sabella] ¶ 2, Dkt. #20.) Accordingly, for the purposes of ascertaining whether there is diversity of citizenship, Accordant's citizenship is considered to be that of Sabella: California. It is of no matter that Accordant is incorporated in Delaware. See, e.g., Inarco International Bank N.V. v. Lazard Freres & Co., 1998 WL 427618, No. 97-0378, at *2 (holding that citizenship of a limited liability company must be determined by that of its members, not its place of registration).

Because the plaintiff is a citizen of Delaware and both defendants are citizens of California, complete diversity exists and subject matter jurisdiction lies. Therefore, the court must remand unless some other consideration precludes it. Plaintiff suggests two reasons why remand is not available.

IV) Discussion

The parties brief two disputes. First, plaintiff argues the Motion to Remand was untimely filed. Second, plaintiff asserts that the forum selection clause in the agreements precludes removal. Because the Court concludes that the Motion to Remand was untimely filed, it will not consider the motion.

A) Timeliness of the Motion to Remand

Section 1447(c) of Title 28 states in relevant part that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The 30-day deadline was added to the statute by the Judicial Improvements and Access to Justice Act of 1988. See Pub. L. No. 100-702. Congress did so "to prevent the delay, inefficiency, and unfairness resulting from late-stage, forum-shopping remand motions." Pierpoint v. Barnes, 94

---

Capital, 620 F. Supp. 964 (S.D.N.Y. 1985). Post-Carden and the other authorities cited in this section, General Atl. Invs. Ltd. is inapplicable to the instant matter.

4

F.3d 813, 817 (2d Cir. 1996). This prevents a plaintiff from forum shopping if the litigation in the federal court does not proceed in its favor. Id.

Additionally, if a party fails to move for remand prior to the 30-day deadline, it waives its right to do so on any grounds other than subject matter jurisdiction. Hamilton v. Aetna Life & Casualty Co., 5 F.3d 642, 644 (2d Cir. 1993) (per curiam). As noted above, this Court has subject matter jurisdiction over this action.

Defendant filed the notice of removal on January 17, 2008. (Dkt. #1.) Under the 30-day rule established by 28 U.S.C. § 1447(c), plaintiff's Motion to Remand was due on February 19, 2008.[2] Plaintiff filed its Motion to Remand on February 26, 2008, one week after the deadline had lapsed. (Dkt. #14.)

Plaintiff makes two arguments to persuade the Court to consider its tardy motion.

Plaintiff first argues that deadlines such as the one at issue are flexible, subject to the Court's discretion. In support, it quotes the Court of Appeals for the Second Circuit in Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir. 2005) (per curiam), which states that "we have never held [the 30-day deadline] to be jurisdictional, nor is there any statutory language that purports to limit the court's power to consider an overdue motion." (Pl.'s Reply Br. at 2, Dkt. #24.) In that case, the Second Circuit also said that such discretion should be guided by whether "strict application of these requirements would cause an unjust result." Phoenix 422 F.3d at 76. While Defendants cite the Second Circuit's statement that the 30-day deadline for a motion to remand is "plainly mandatory," Phoenix 422 F.3d at 77, the overall tenor of Phoenix is that exceptions are permitted to the 30-day deadline only in

---

[2] Thirty days from the date of filing, January 17, 2008, falls on Saturday, February 16, 2008. Pursuant to Federal Rule of Civil Procedure 6(a)(3) and 6(a)(4), Saturdays and legal holidays are to be excluded when determining such deadlines. Because Saturday is excluded, typically the deadline would become Monday, February 18, 2008. However, that is President's Day, a holiday recognized by the District Court of the Southern District of New York. Accordingly, the deadline is pushed back one more day to February 19, 2008.

5

exceptional circumstances, such as failure to file due to a mechanical quirk of the electronic case filing system. Phoenix 422 F.3d at 76 ("Our decision today simply recognizes the district court's authority to excuse [the appellee]'s failure to comply with the ECF system requirements....").

Unfortunately for plaintiff, the current matter does not present one of those rare occurrences. Plaintiff offers no explanation whatsoever for belatedly filing this Motion for Remand. In Phoenix, by contrast, the plaintiff did have an excuse: the plaintiff's attorney in Phoenix made a good faith effort to comply with the deadline, and only failed to do so because of "quirks of [the Court's] procedural mechanisms...." Id. at 76. The Court properly concluded that it was not beyond the district court's power to consider the motion. Here, no excuse has been proffered.

Plaintiff appears to argue that it preserved the right to file a motion to remand late by its letter dated February 13, 2008, which requested leave to make a motion to declare removal void (the "Letter"). (Dkt. #11.) There is no basis for such an argument. In response to the Letter (permission for which is not required by the law, the Federal Rules, or the local rules of this Court), this Court responded and told plaintiff on February 14, 2008 to make a motion. Id. At that point, plaintiff still had five full days to timely file a motion. The Motion to Remand was filed seven days late. I decline in an exercise of my discretion to consider it.

B) The Validity and Meaning of the Forum Selection Clause

Because the Motion to Remand was filed late, plaintiff has waived its right to assert that the parties' agreement warrants remand. See Concorde Financial Corp. v. Value Line, Inc., 2004 WL 287658 (S.D.N.Y. 2004) (plaintiff waived its right to assert that a dispute resolution clause warranted remand, even though it had filed a motion to remand within the deadline on other grounds).

V)  Conclusion

For the foregoing reasons, plaintiff's motion to remand is denied. A case management order is attached.

Dated: June 24, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

7

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────X

Scantek Medical, Inc.,

                Plaintiff(s),              08 Civ. 543 (CM) (HBP)

   -against-

Angela Chen Sabella, et al,

                Defendant(s).

──────────────────────────────X

CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by 7/8/08.

3. No additional parties may be joined after n/a.

4. No pleading may be amended after 7/16/08.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before 9/30/08. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by n/a. PLEASE NOTE: the phrase "all discovery,

including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by _____; Defendant(s) expert report(s) by _____.

      7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

      8. This case has been designated to the Hon. United States Magistrate Pitman for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

      9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before 11/6/09 . Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

      10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

      11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: June 24th, 2008
New York, New York

Upon consent of the parties:
[signatures of all counsel]

_____          _____

_____          _____

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge