UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SCANTEK MEDICAL, INC.,

                                                      Index No.: 08 CV 00453 (CM)

                     Plaintiff,

                                                    **REPLY AFFIDAVIT**

    -against-

ANGELA CHEN SABELLA and
ACCORDANT HOLDINGS, LLC,

                           Defendants and
                           Third-Party Plaintiffs,

    -against-

MINTZ & FRAADE, P.C., FRED MINTZ, ALAN
FRAADE, MINTZ & FRAADE ENTERPRISES, LLC,
ZSIGMOND L. SAGI, and GIBRALTAR GLOBAL
MARKETING LLC,

                           Third-Party Defendants.
-----------------------------------------------------------------X
State of New York   )
                          ) ss.:
County of New York)

Frederick M. Mintz, being duly sworn, deposes and says:

    1. At all times relevant to this action through the date hereof, Mintz & Fraade, P.C. ("M&F"), the law firm of which I am a member, has acted as attorneys for the Plaintiff Scantek Medical, Inc. (hereinafter referred to as "Scantek" or "Plaintiff"). I am also a Third Party Defendant in this action as an individual, and I am a member of Third Party Defendants Mintz & Fraade, P.C. ("M&F"), and Mintz & Fraade Enterprises, LLC. I am fully familiar with the facts stated in this affidavit and know the same to be true to my own knowledge. I am fully familiar with the pleadings and proceedings heretofore had herein and the matters hereinafter set forth.

2. This reply affidavit is being submitted in support of Plaintiff's and Third-Party Defendants' motion to dismiss certain of the counterclaims and certain counts of the Third Party Complaint.

3. I wish to correct a statement which was in my previous affidavit, dated May 23, 2008 (the "May 23 Mintz Affidavit"). Specifically, Paragraph "4" of the May 23 Mintz Affidavit stated as follows:

> I had known Mr. [Mark] Stepniewski for many years when I introduced Plaintiff to Mr. Stepniewski. In his capacity as a consultant, on behalf of the Defendants and other clients, Mr. Stepniewski routinely made introductions between his clients and various businesses in need of financing. I inquired whether Mr. Stepniewski knew any investors who might be interested in investing in Plaintiff. This is when Mr. Stepniewski introduced Plaintiff to Defendants.

This statement is incorrect.

4. Dr. Zsigmond L. Sagi ("Dr. Sagi") was introduced to Mr. Herman Finesod, the father-in-law of Mr. Stepniewski, through a third party. Although Mr. Finesod and Scantek are both clients of M&F, neither Mr. Fraade nor I introduced Dr. Sagi and Mr. Finesod to one another.

5. Mr. Finesod knew of Defendants because they had, through Mr. Stepniewski, made investments in other companies with which Mr. Finesod was involved. Mr. Finesod asked his son-in-law, Mr. Stepniewski, to arrange for Mr. Finesod to talk to Defendants with respect to a potential investment in Scantek.

6. Mr. Stepniewski bypassed Mr. Finesod and directly introduced Defendants to Scantek.

7. Mr. Stepniewski received a finders' fee exceeding $80,000 plus shares of Scantek.

8. I would also like to briefly address the statement in the affidavit of Mark Stepniewski dated June 20, 2008 (the "Stepniewski Affidavit"), where he states that he does not have an interest in Accordant Holdings, LLC ("Accordant"). (Stepniewski Aff. ¶ 5.) On numerous occasions, Mr. Stepniewski informed me that he did have an interest in Accordant.

9. The Stepniewski Affidavit also refers to the January 28, 2008 letter which I emailed to Mr. Patrizio Girondi making reference to the end of my "relationship" with Mr. Stepniewski. (Stepniewski Aff. ¶ 8.) In spite of Mr. Stepniewski's uninformed assumption (which is typical of the numerous misstatements made throughout Defendants' papers), I did not send similar letters to other individuals. (See id.) Furthermore, although said letter does not define the nature of the "relationship" with Mr. Stepniewski, it is clear that it refers to our friendship, not an attorney-client relationship. Attached to the Affidavit of Alan P. Fraade dated July 25, 2008 (the "Fraade Affidavit") as Exhibit "B" is the response which I received from Mr. Girondi later in the evening on January 28, 2008. Said response concerns itself with the relationship between Mr. Stepniewski and me, not with M&F retaining Mr. Girondi as a client. An earlier email sent from Mr. Girondi to Mr. Fraade and me, a copy of which is annexed to the Fraade Affidavit as Exhibit "C", demonstrates the personal nature of the developing relationship between Mr. Girondi and me.

_____
Frederick M. Mintz

Sworn to before me this
25th day of July 2008

_____
Notary Public

COLLIN ROBERT SHERMAN
Notary Public, State of New York
No. 02SH6156363
Qualified in New York County
Commission Expires Nov. 27, 2010

3