```
┌─────────────────────────────┐
│ 'S SDNY                     │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____          │
│ DATE FILED: 8/4/08          │
└─────────────────────────────┘
```

# MINTZ & FRAADE, P.C.
### COUNSELORS AT LAW
### 488 MADISON AVENUE
### NEW YORK, NEW YORK 10022

TELEPHONE
(212) 486-2500

TELECOPIER
(212) 486-0701

OF COUNSEL
JAY D. FISCHER
EDWARD C. KRAMER
MELVIN L. LEBOW
KEVIN J. MCGRAW
ARTHUR L. PORTER, JR
JON M. PROBSTEIN
SEYMOUR REITKNECHT
I. FREDERICK SHOTKIN

**MEMO ENDORSED**

August 1, 2008

*[Handwritten endorsement: 8/4/08 Per this Court's rules, the Court will invite oral argument if it decides argument will be helpful in determining the motion. NO argument is requested at this time. Colleen McMahon]*

Via Facsimile

Hon. Colleen McMahon, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St., Room 640
New York, NY 10007

Re: Scantek Medical, Inc. v. Angela Chen Sabella and Accordant Holdings, LLC, Index No.: 08 CV 00453 (CM) (the "Lawsuit")

Dear Judge McMahon:

    We are co-attorneys of record for the Plaintiff and Third-Party Defendants Gibraltar Global Marketing, LLC and Zsigmond L. Sagi with respect to the Lawsuit, and my firm, my partner and I are also Third-Party Defendants. At approximately 7:00 p.m. on Thursday, July 31, 2008, I received the letter dated July 30, 2008 from Defendants' counsel to your Honor, in which Defendants' counsel requests oral argument with respect to Plaintiff's and Third-Party Defendants' Motion to Dismiss the Counterclaims and Third-Party Complaint (the "Motion to Dismiss").

    We respectfully request that Defendants' request for oral argument with respect to the Motion to Dismiss be denied. Defendants allege that because my reply affidavit and the reply affidavit of Frederick Mintz contain corrections to statements made in previous affidavits, Defendants require oral argument to deal with these new issues. The corrections which were made in my reply affidavit and the reply affidavit of Frederick Mintz were not material facts which should affect the outcome of the Motion to Dismiss. Unfortunately, because Defendants' counsel, Kenneth Sussmane, has repeatedly raised many alleged facts which are not relevant to the Motion to Dismiss, Plaintiff and Third-Party Defendants have been forced to deal with these alleged facts with respect to the Lawsuit, hopefully, not to the distraction of this Court from the legal issues.

Defendants' position is strikingly similar to the position taken by Plaintiff with respect to Defendants' Reply with respect to Defendants' Motion to Dismiss the Complaint ("Defendants' Motion"). This firm sent your Honor a letter dated April 14, 2008 respectfully requesting permission to submit a sur-reply on the basis that Defendants' Reply with respect to Defendants' Motion contained total fabrications of the truth, unnecessary personal attacks, and misrepresentations of the law. Your Honor did not permit Plaintiff to submit a sur-reply with respect to Defendants' Motion, and we respectfully submit that your Honor should likewise not allow oral argument with respect to the Motion to Dismiss, on the same basis.

Finally, Defendants' counsel's letter inappropriately cites specific paragraphs of the reply affidavits of Frederick Mintz and me. In calling attention to specific paragraphs, Defendants are surreptitiously attempting to submit a sur-reply disguised as a letter to this Court.

Plaintiff and Third-Party Defendants respectfully request that Defendants' request for oral argument with respect to the Motion to Dismiss be denied, and that the letter from Defendants' counsel not be considered.

Respectfully submitted,

*[signature]*

Alan P. Fraade

cc: Magistrate Judge Pitman
Kenneth Sussmane, Esq.

APF/ers