**ENDORSEMENT**

<u>Scantek Medical, Inc. v. Angela Chen Sabella, et al.</u>
08 Civ. 453 (CM)(HBP)

      The application of defendant/third-party plaintiff Angela Chen Sabella for a protective order directing that her deposition be taken by telephone is granted.

      Although telephonic depositions remain the exception rather than the rule, Sabella has shown more than sufficient cause for her deposition to be taken by telephone. Sabella currently resides in Hong Kong where she supervises the care of her elderly parents. Her father is 87 and suffers from advanced Alzheimer's Disease. Her mother is 84 and suffers from hypertension, severe osteoporosis and fallopian cancer. Any possible doubt concerning the seriousness of the impact that her parents' conditions have had on Sabella's life is eliminated by the fact that Sabella, an alien, has abandoned her legal permanent residency status in the United States in order to reside with and care for her parents in Hong Kong. Given these facts and the fairly liberal standard used to determine whether a telephonic depositions should be ordered, <u>see</u> <u>generally</u> <u>Zito v. Leasecomm Corp.</u>, 233 F.R.D. 395, 397 (S.D.N.Y. 2006); <u>Normande v. Grippo</u>, 01 Civ. 7441 (JSR)(THK), 2002 WL 59427 at *2 (S.D.N.Y. Jan. 16, 2002); <u>Advani Enterprises, Inc. v. Underwriters at Lloyds</u>, 95 Civ. 4864 (CSH), 2000 WL 1568255 at *2 (S.D.N.Y. Oct. 19, 2000), I conclude that a telephonic deposition is appropriate in this case.

      Accordingly, for all the foregoing reasons, Sabella's deposition shall be taken by telephone. All expenses resulting from the telephonic deposition over and above the expenses that would result from an in-person deposition (<u>e.g.</u>, the cost of the telephone line, the cost of transmitting exhibits to Sabella, etc.) shall be borne by Sabella. The costs that would be incurred regardless of the location of the deposition shall be borne by plaintiff and third-party defendants.

Dated:  New York, New York
        September 3, 2008

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-3-08

Copies transmitted to:

Alan P. Fraade, Esq.
Suite 1100
Mintz & Fraade, P.C.
488 Madison Avenue
New York, New York  10022

Edward C. Kramer, Esq.
Suite 1100
488 Madison Avenue
New York, New York  10022

Kenneth Sussmane, Esq.
McCue Sussmane & Zapfel, P.C.
28th Floor
521 Fifth Avenue
New York, New York  10175

# McCue Sussmane & Zapfel, P.C.

521 FIFTH AVENUE
28TH FLOOR
NEW YORK, NEW YORK 10175

TELEPHONE: (212) 931-5500
FACSIMILE: (212) 931-5508



July 29, 2008

Hon. Henry Pitman
Chief U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 640
New York, NY 10007

      Re: Scantek Medical, Inc. v. Angela Chen Sabella, et al
          08 Civ. 453 (CM) (HBP)

Dear Judge Pitman,

      We represent the Defendant and Third Party Plaintiff. Pursuant to the court's order dated July 15, 2008, this letter shall serve as our application to require a telephonic deposition of Defendant Angela Chen Sabella in lieu of requiring her to travel to the United States.

      Pursuant to your leave to apply for a protective order based on the health of Ms. Sabella's parents, enclosed please find the Declaration of Angela Chen Sabella ("Sabella Declaration") and the Declaration of Dr. William Rodman Shankle ("Shankle Declaration") detailing the gravity of the medical conditions suffered by Ms. Sabella's parents that would make travel for Ms. Sabella, especially in light of a telephonic alternative, extremely burdensome. *See Sabella Declaration* ¶ 3; *Shankle Declaration* ¶ 1. Ms. Sabella's father, 87, suffers from an advanced stage Alzheimer Disease and her mother, 84, along with other ailments, was recently re-hospitalized for complications connected with fallopian cancer. *See Sabella Declaration* ¶ 5; *Shankle Declaration* ¶ 1.

      Additionally, as a result of Ms. Sabella's over-extended stay in Hong Kong to care for her parents, the United States Citizenship & Immigration Service ("USCIS") has revoked her U.S. permanent residency status. *See Sabella Declaration* ¶ 8. With respect to documentation regarding Ms. Sabella's international travel, the Hong Kong Immigration Department uses an identification card together with a fingerprint scan to record the transit of its permanent residents. It is not recorded in her passport. *See Sabella Declaration* ¶ 9. Please find a photocopy of Ms. Sabella's Hong Kong Permanent

Hon. Henry Pitman
July 29, 2008
Page 2

Identification Card and an application dated July 23, 2008 for her travel records showing her travel for the past ten years. *See Sabella Declaration* ¶ 9; *Sabella Declaration* Ex. A. Such record shall be submitted to the court upon receipt.

Ms. Sabella has remained in Hong Kong to care for her parents since November 2006. *See Sabella Declaration* ¶ 7. Accordingly, Ms. Sabella has no travel plans and will remain in Hong Kong for the foreseeable future because she must be present to ensure that her parents receive proper care and because of the severity, and unpredictability, of her mother's condition. *See Sabella Declaration* ¶ 6.

With your Honor's continued indulgence, we would like to add that the recent advances in the efficacy and ease of telecommunications have been mirrored by advances in caselaw which have expanded the granting of leave to take telephonic depositions. Accordingly, "authorization to take telephonic depositions does not depend upon a showing of hardship by the applicant... The mere assertion by the requesting party that telephonic depositions are preferred on the grounds of efficiency and economy constitutes a legitimate reason to permit them." *Advani Enterprises Inc., v. Underwriters at Lloyds*, Not Reported in F.Supp.2d, 2000 WL 1568255, *2, 48 Fed.R.Serv.3d 897 (S.D.N.Y. 2000) (courtesy copy attached hereto); *see also Normande v. Grippo*, 2002 WL 59427, *2, 52 Fed.R.Serv.3d 182 (S.D.N.Y. 2002) (holding that "the Federal Rules of Civil Procedure and a steadily developing body of caselaw recognize that telephone depositions are a presumptively valid means of discovery"); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398, 2006 U.S. Dist. LEXIS 5197 (S.D.N.Y. 2006) (citing *Advani* and *Normande* for the above propositions). The instant action exemplifies the obvious efficiency and economy of a telephonic deposition over obligatory international travel which would require Ms. Sabella to abandon her parents for several days. Ms. Sabella, who has interrupted her affairs in the United States since November 2006 to care for and be at her ill parents' side, should not be required to leave her parents at this critical time.

As a practical matter, *Advani* soundly rejected the argument that telephonic depositions deny counsel the ability to observe and interact with a deponent on the grounds that such logic would repeal the F.R.C.P. 30(b)(4) (formerly 30(b)(7)) which provides for taking depositions telephonically, and adding that "the strictures of Rule 28(b) serve to mitigate the dangers inherent in foreign depositions, both in terms of accuracy and identity of deponents and documents, by requiring that the deponent testify pursuant to a letter of request, treaty or convention, or on notice before one authorized or commissioned to administer oaths." *Id.* at *2. A court reporter would also be present, in New York if stipulated, or in Hong Kong if necessary, to take Ms. Sabella's oath.

In light of the recent advances in federal caselaw holding for the presumptive validity of telephonic depositions, as well as the heavy burden that would be imposed on

Hon. Henry Pitman
July 29, 2008
Page 3

Ms. Sabella in the absence of such a protective order, Defendants respectfully request that the court grant a protective order directing telephonic deposition of Ms. Sabella.

Respectfully Submitted,

Kenneth Sussmane (KS 9301)
McCue Sussmane & Zapfel, P.C.
Attorneys for Defendants
521 Fifth Avenue, 28th Floor
New York, New York 10175
212 931-5500

CC:
Alan P. Fraade, Esq.
Co-Attorney for Plaintiff
Mintz & Fraade, P.C.
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 486-2500

Edward C. Kramer, Esq.
Co-Attorney for Plaintiff
Mintz & Fraade, P.C.
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 490-1616