**MINTZ & FRAADE, P.C.**
COUNSELORS AT LAW
488 MADISON AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE
(212) 486-2500

TELECOPIER
(212) 486-0701

OF COUNSEL
JAY D. FISCHER
EDWARD C. KRAMER
KEVIN J. MCGRAW
ARTHUR L. PORTER, JR
JON M. PROBSTEIN
SEYMOUR REITKNECHT
I. FREDERICK SHOTKIN

September 5, 2008

<u>Via Facsimile</u>

Hon. Henry Pitman
Chief U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, NY 10017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-8-08

Re:   Scantek Medical, Inc. v. Sabella, et al. 08 Civ. 453 (CM) (HBP) (the "Lawsuit")

Dear Judge Pitman:

Reference is made to the letter from Kenneth Sussmane, Esq., attorney for Defendants and Third-Party Plaintiffs' (Defendants and Third-Party Plaintiffs are hereinafter collectively referred to as the "Defendants") dated July 29, 2008, which was endorsed by your Honor on September 3, 2008, granting Defendant Sabella a protective order directing that her deposition be taken by telephone while she remains in Hong Kong (the "Order").

In view of the fact that your Honor has determined that Defendant Sabella shall not be required to attend a deposition in New York, and Defendant Sabella is responsible for all costs with respect to her deposition which are "over and above the expenses that would result from an in-person deposition" in New York, Plaintiff and Third-Party Defendants hereby request that Defendant Sabella be made available for a deposition in Hong Kong with Defendants being required to pay all necessary expenses with respect to Plaintiff's and Third-Party Defendants' attorneys traveling to Hong Kong to depose Sabella in person.

In the alternative, Plaintiff and Third-Party Defendants hereby request that a video deposition of Defendant Sabella be taken in Hong Kong. When the parties last appeared before your Honor, Defendants' counsel suggested a video deposition of Defendant Sabella could be taken in place of a telephonic deposition, that such an alternative would be acceptable to Defendant Sabella, and further represented that Defendant Sabella would pay all necessary expenses with respect to a video deposition.

1

In view of the inherent limitations of telephonic depositions, Plaintiff and Third-Party Defendants believe that an in person deposition in Hong Kong, or in the alternative, a video deposition would be appropriate.

Plaintiff and Third-Party Defendants respectfully request an order requiring Defendant Sabella to bear the expense for Plaintiff's and Third-Party Defendants' attorneys traveling to Hong Kong to depose Defendant Sabella, or in the alternative, for a video deposition.

> Very truly yours,
>
> Mintz & Fraade, P.C.
>
> By: _____
> Alan P. Fraade
>
>
> Law Offices of Edward C. Kramer, P.C.
>
> By: _____
> Edward C. Kramer

cc: Kenneth Sussmane, Esq.

APF/crs

*Application denied. These arguments should have been raised in plaintiff's opposition to the application for a protective order.*

**SO ORDERED**

_____
HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
9-7-08