UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SCANTEK MEDICAL, INC.,                          :

               Plaintiff,    :    08 Civ. 453 (CM)(HBP)

  -against-                                    :    MEMORANDUM OPINION
                                                     AND ORDER
ANGELA CHEN SABELLA, et al.,                    :

             Defendant.    :

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-12-08

       PITMAN, United States Magistrate Judge:

I.   Introduction

       In Docket Item 68, plaintiff Scantek Medical Inc.
("Scantek") moves to compel non-party witness Mark Stepniewski to
comply with a subpoena for testimony and documents served by
Scantek.  In Docket Item 75, Stepniewksi cross moves for a
protective order either disqualifying plaintiff's counsel, the
law firm of Mintz & Fraade, P.C. ("M&F"), from conducting his
deposition or quashing the subpoena.  For the reasons set forth
below, Scantek's motion is granted, and Stepniewski's cross
motion is denied.

II.  Facts

       I note, by way of background that this is, in essence,
a collection action.  Defendants Angela Chen Sabella and Accor-
dant Holding, L.L.C. ("Accordant") allege, among other things,

that they lent approximately $825,000 to Scantek, that the debt
is now due and owing and that Scantek has failed to repay the
debt.  Among other things, Scantek alleges that the debt is void
because it violates New York's criminal usury statute.  N.Y.
Penal L. § 190.40.  The material allegations are set forth in
greater detail in three opinions of the Honorable Colleen
McMahon, United States District Judge, familiarity with which is
assumed.  Scantek Medical, Inc. v. Sabella, 08 Civ. 453 (CM),
2008 WL 4667985 (S.D.N.Y. Oct. 17, 2008); Scantek Medical, Inc.
v. Sabella, 08 Civ. 453 (CM), 2008 WL 4593905 (S.D.N.Y. Sept. 25,
2008); Scantek Medical, Inc. v. Sabella, 08 Civ. 453 (CM), 2008
WL 2518619 (S.D.N.Y. June 24, 2008).

    The present dispute arises out of Scantek's attempt to
obtain testimony and documents from Stepniewski.  There appears
to be no dispute that Stepniewski introduced Sabella to Scantek,
and it appears, therefore, that he is an appropriate deposition
witness.  Nevertheless, Stepniewski claims that it is inappropri-
ate for Scantek's attorneys -- M&F -- to take his deposition
because M&F formerly represented him and, as Stepniewski's
counsel, had access to Stepniewski's confidences.  Of particular
importance here is Stepniewski's claim that, in connection with
Sabella's loan to Scantek, M&F represented both sides of the
transaction (Sabella and Scantek) in addition to representing
Stepniewski himself.  Stepniewski has not, however, produced any

retainer agreement nor has he produced any evidence that he paid
M&F for any legal services.  Stepniewski does not offer any
correspondence between M&F and himself circumstantially corrobo-
rating the existence of an attorney-client relationship.  Thus,
apart from the statements in Stepniewski's affidavit, there is no
evidence that M&F represented Stepniewski in connection with the
events that give rise to this litigation.

M&F admits that it formerly represented Stepniewski on
several unrelated matters.  It denies, however, that it repre-
sented Stepniewski in connection with the transaction that gives
rise to this action.

III.  <u>Analysis</u>

A motion to disqualify an attorney is committed to the
discretion of the District Court.  <u>Cresswell v. Sullivan &</u>
<u>Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990); <u>Cheng v. GAF Corp.</u>, 631
F.2d 1052, 1055 (2d Cir. 1980), <u>vacated</u> <u>on</u> <u>other</u> <u>grounds</u>, 450
U.S. 903 (1981).  When deciding a motion to disqualify counsel, a
court must balance "the need to maintain the highest standards of
the profession" against "a client's right freely to choose his
counsel."  <u>Hempstead Video, Inc. v. Inc. Vill. of Valley Stream</u>,
409 F.3d 127, 132 (2d Cir. 2005) (citations omitted).

In view of their potential for abuse as a tactical
device, motions to disqualify opposing counsel are subject to

particularly strict scrutiny. See Correspondent Servs. Corp. v. J.V.W. Inv., Ltd., 99 Civ. 8934 (RWS), 2000 WL 1174980 at *14 (S.D.N.Y. Aug. 18, 2000), citing Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989); Decora Inc. v. DW Wallcovering, Inc., 899 F. Supp. 132, 135 n.2 (S.D.N.Y. 1995). Courts are also chary to grant motions to disqualify because such motions "impinge[] on a party's right to employ the counsel of its choice." Unique Sports Generation, Inc. v. LGH-III, LLC, 03 Civ. 8324 (JGK)(DF), 2005 WL 2414452 at *13 (S.D.N.Y. Sept. 30, 2005) (citation and internal quotations omitted); see also D.R.T., Inc. v. Universal City Studios, Inc., 02 Civ. 0958 (BSJ)(JCF), 2003 WL 1948798 at *2-*3 (S.D.N.Y. Apr. 24, 2003) ("[M]otions to disqualify counsel are generally disfavored. Courts are reluctant to grant such motions because they are often tactically motivated . . . and have an immediate adverse effect on the client by separating him from counsel of his choice[.]" (internal quotation marks and citations omitted)); First Trust Nat'l Assoc. v. Moses & Singer, 99 Civ. 1947 (JSM), 2000 WL 1093054 at *6 (S.D.N.Y. Aug. 4, 2000) ("Motions to disqualify opposing counsel are viewed with disfavor because they impinge on a party's right to employ the counsel of its choice."); A.I. Credit Corp. v. Providence Washington Ins. Co., 96 Civ. 7955 (AGS)(AJP), 1997 WL 231127 at *1 (S.D.N.Y. May 7, 1997) ("Motions to disqualify opposing counsel are viewed with disfavor [principally because] disqualification of counsel

4

impinges on a party's right to employ counsel of choice." (cita-
tions omitted)).  Finally, courts are also reluctant to grant
motions to disqualify because they inevitably result in delay and
added expense.  Evans v. Artek Sys. Corp., 715 F.2d 788, 792 (2d
Cir. 1983) (disqualification motions "inevitably cause delay");
D.R.T., Inc. v. Universal City Studios, Inc., supra, 2003 WL
1948798 at *2 (motions to disqualify "cause undue delay [and] add
expense").  For all these reasons, "the Second Circuit requires a
high standard of proof on the part of the party seeking to
disqualify an opposing party's counsel . . . ." Kubin v. Miller,
801 F. Supp. 1101, 1113 (S.D.N.Y. 1992), citing Gov't of India v.
Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978); accord
Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C., 440 F.
Supp.2d 303, 309 (S.D.N.Y. 2006); Evans v. Artek Sys. Corp.,
supra, 715 F.2d 788 at 791 (same); Paramount Communications, Inc.
v. Donaghy, 858 F. Supp. 391, 394 (S.D.N.Y. 1994) (same).

        Disqualification of counsel based on his prior repre-
sentation of a witness is analyzed on the same basis as a motion
for disqualification based on prior representation of an adverse
party.  See Lund v. Chemical Bank, 107 F.R.D. 374, 376-77
(S.D.N.Y. 1985) (in resolving motion to disqualify counsel from
examining non-party witness, court relied on authorities address-
ing motion to disqualify counsel based on prior representation of

a party now adverse to counsel).  Disqualification is warranted
when three conditions are met:

> (1) the moving party is a former client of the adverse
> party's counsel; (2) there is a substantial relation-
> ship between the subject matter of the counsel's prior
> representation of the moving party and the issues in
> the present lawsuit; and (3) the attorney whose dis-
> qualification is sought had access to, or was likely to
> have had access to, relevant privileged information in
> the course of his prior representation of the client.

Evans v. Artek Sys. Corp., supra, 715 F.2d at 791; accord DeFazio
v. Wallis, 459 F. Supp.2d 159, 163-64 (E.D.N.Y. 2006); Decora
Inc. v. DW Wallcovering, Inc., supra, 899 F. Supp. at 136.  Where
the second element is satisfied, there is an irrebutable  pre-
sumption that the third element is also satisfied.  Tiuman v.
Canant, 92 Civ. 5813 (JFK), 1994 WL 198690 at *3 (S.D.N.Y. May
19, 1994); Gov't of India v. Cook Indus., Inc., 422 F. Supp.
1057, 1060 (S.D.N.Y. 1976), aff'd, 569 F.2d 737 (2d Cir. 1978).

There is no dispute that the first element is satis-
fied.  M&F concedes that it represented Stepniewski with respect
to at least five matters:  (1) a confidentiality agreement
concerning the exchange of information between two companies; (2)
a 2001 action against Stepniewski and his wife to collect unpaid
dental bills; (3) a claim by Stepniewski in 2003 for a finders
fee; (4) a claim by Stepniewski in 2004 for a finders fee, and
(5) a prospective corporate merger that was active between 2003
and 2007 (Affidavit of Alan P. Fraade, Esq., sworn to October 22,
2008 at ¶ 14).

6

The foregoing five representations do not, however, satisfy the second element -- that a substantial relationship exists between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit.

> The [substantial relationship] test is met "if the relationship between issues in the prior and present cases is 'patently' clear[,] . . . 'identical' or 'essentially the same.'" Government of India, 569 F.2d at 739-40 (internal citations and quotations omitted); Arifi, 290 F. Supp.2d at 349; Peacock Holdings, 1996 WL 285435 at *8.

> Where an attorney's representation of a client is general in nature, he may be disqualified from representing an adverse party in later litigation, but only if the later litigation puts at issue the client's entire background. USFL, 605 F. Supp. at 1459; Polaroid, 354 F. Supp.2d at 498; see also Cleverly Limited, 2003 WL 161317 at *5. If, on the other hand, the client's background is not at issue, an attorney's knowledge of the client's general business and financial background is not a proper basis for disqualification. USFL, 605 F. Supp. at 1460.

> Where, as here, the prior representation is limited to litigation, the issue is whether the material facts in the prior litigations are the same as those involved in the present representation. USFL, 605 F. Supp. at 1459. If there is present a common factual question, the substantial relationship test is satisfied. Id.; see Guerrill Girls, 2004 WL 2238510 at *3 ("it is the congruence of factual matters . . . that establishes a substantial relationship") (citation omitted). Where the only allegation of similarity is the attorney's alleged insight into the former client's "general 'litigation thinking,'" similarity is not established. Vestron v. National Geographic Society, 750 F. Supp. 586, 595 (S.D.N.Y.1990); see also Wieme, 2004 WL 2271402 *6; Matthews 902 F. Supp. at 31. As noted by the court in Vestron, adoption of such a standard would mandate disqualification in "virtually

every instance of successive representation" which
"clearly is not the law."  Id.

Hickman v. Burlington Bio-Medical Corp., 371 F. Supp.2d 225, 230
(E.D.N.Y. 2005).

The prior representations simply have no relationship
whatsoever to the present dispute -- there are no overlapping
factual or legal issues, and the prior representations do not
involve a general representation of Stepniewski such that his
entire background would have been disclosed to M&F.  Thus, if the
only representations that existed were the five representations
to which M&F admits, the resolution of the motion would be easy.

The disputed fact that complicates the resolution of
this motion is Stepniewski's claim that M&F represented both him
and Scantek in the transaction that give rise to this litigation.
The only evidence of this alleged representation is Stepniewski's
affidavit.[1]  I find his affidavit to be insufficient to satisfy
the "high standard of proof [required] on the part of the party
seeking to disqualify an opposing party's counsel . . . ."  Kubin

---

[1]In an effort to support his claim of multiple
representations, Stepniewski cites two unrelated transactions in
which M&F represented both sides (Affidavit of Mark Stepniewski,
sworn to October 10, 2008 ("Stepniewski Aff."), Exs. A & B).  In
light of Federal Rule of Evidence 404(b), these transactions
prove nothing.  Stepniewski also cites an unverified pleading
from a state court action brought in Ohio in which M&F is accused
of simultaneously representing multiple parties (Stepniewski
Aff., Ex. C).  It is fundamental that unproven allegations are
not proof of their content, and even if they were proven, they
too would also have no relevance in light of Rule 404(b).

8

v. Miller, supra, 801 F. Supp. at 1113.  First, Stepniewski has not offered a shred of documentary evidence to corroborate his claim of an attorney-client relationship -- no retainer agreement, no evidence of payment and no correspondence suggesting the existence of such a relationship.  Second, Stpeniewski appears to be an individual of some sophistication; he was formerly employed as a securities sales representative.  See Prete v. Lepore, 125 F.R.D. 572, 574 (D. Conn. 1989).  As a sophisticated individual it seems unreasonable that he would enter into a transaction sharing the same attorney as a party of potentially adverse interest.  Third, the timing and nature of Stepniewski's assertion impugn its credibility.  Stepniewski, who is now represented by the same counsel as Sabella and Accordant, alleges that M&F not only represented Scantek and himself, but also simultaneously represented Sabella and Accordant (Stepniewski Aff. ¶ 10).  If that were true, it is odd that Sabella and Accordant did not move to disqualify M&F at the inception of this action and also odd that they do not join in Stepniewski's motion.  Accordingly, I conclude that Stepniewski has not established that M&F represented him on a substantially related matter and that he has not offered sufficient credible evidence to warrant a hearing on the issue.

Since Stepniewski has not established the second element of the tripartite test for disqualification, it is not necessary to address the third element.[2]

IV.  Conclusion

Accordingly, for all the foregoing reasons, Scantek's motion to compel Stepniewski to comply with the subpoena that Scantek has served on him is granted in all respects and Stepniewski's cross-motion to disqualify M&F from taking his deposition or, in the alternative, quashing the subpoena that has been served on him, is denied in all respects.

Dated:  New York, New York
        December 12, 2008

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Alan P. Fraade, Esq.
Mintz & Fraade, P.C.
Suite 1100
488 Madison Avenue
New York, New York  10022

---

[2]I note that Stepniewski also claims that he has shared many confidences with M&F over the years as a result of personal and business relations he has had with the principals of the firm.  I am aware of no legal authority, and Stepniewski has cited none, that prevents an attorney from using information, even confidential information, that the attorney has learned in a non-privileged and non-professional relationship.

10

Kenneth Sussmane, Esq.
McCue Sussmane & Zapfel, P.C.
28th Floor
521 Fifth Avenue
New York, New York   10175